**In re OAKWOOD MOBILE HOMES, INC., Relator.**

No. 98–0662.

Supreme Court of Texas.

Feb. 11, 1999.

---

John A. Seib, Jr., Jeffrey Richard Erler, Shawn K. Brady, Dallas, for Relator.

Taylor Hancock, Montgomery, Cami L. Boyd, Dallas, for Respondent.

## OPINION

PER CURIAM.

In this original proceeding, Oakwood Mobile Homes, Inc. seeks relief from the denial of its motion to compel arbitration. Because the trial court abused its discretion in denying arbitration, and because Relator has no adequate remedy by appeal, we conditionally grant the writ of mandamus.

Shirley and David Brandon purchased a mobile home from Oakwood. Three days before completing the sales transaction, and again on the closing date, the Brandons signed Oakwood's Arbitration Agreement. This Agreement required the parties to submit all disputes arising out of the sale to binding arbitration under American Arbitration Association rules. When they began experiencing problems with the mobile home, the Brandons twice wrote to Alan Warren and Charles Boyner of Oak Creek Homes, the manufacturer of the home, and requested that they arrange an arbitration hearing.[1] Receiving no response, the Brandons sued Oakwood for rescission of the contract.

Oakwood moved to compel arbitration under the Agreement. In support of its motion, Oakwood submitted a copy of the Agreement, together with an affidavit attesting that it was voluntarily executed and negotiated at arm's length. The Brandons responded, claiming that the Agreement was unconscionable and void for fraud, duress, and misrepresentation. In support of their contentions, the Brandons submitted affidavits stating that they were told "we had to sign [the Agreement] or we couldn't finance the house," and "we had to sign the arbitration provision or we could not take possession of the house." The Brandons also claimed Oakwood waived the right to compel arbitration by failing to respond to their letters requesting an arbitration hearing. The trial court denied Oakwood's motion to compel arbitration. The court of appeals concluded that the Brandons' uncontroverted affidavits provided sufficient evidence for the trial court's summary disposition of the motion to compel arbitration, and denied Oakwood's petition for mandamus. —— S.W.2d ——, 1998 WL 210813. Oakwood now petitions this Court for mandamus relief.[2]

A party seeking to compel arbitration must establish the existence of an arbitration agreement, and show that the claims raised fall within the scope of that agreement. *See Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex.1996). Once the party establishes a claim within the arbitration agreement, the trial court must compel arbitration and stay its own proceedings. *Id.*

Here, Oakwood met its burden of presenting evidence of an arbitration agreement that governs the dispute between the parties. *See Weekley Homes, Inc. v. Jennings*, 936 S.W.2d 16, 18 (Tex.App.—San Antonio 1996, writ denied) (per curiam). The burden then shifted to the Brandons to present evidence that the Agreement was procured in an unconscionable manner, induced or procured by fraud or duress,[3] or that Oakwood had waived arbitration under the Agreement. *Id.* Oakwood contends the Brandons presented no evidence to support their claims; therefore, they did not satisfy their burden and the trial court erred in denying arbitration. We agree.

To establish fraud in the formation of an arbitration agreement, a party must

1. Although there is some confusion in the record as to which entity, Oak Creek or Oakwood, employed Warren and Boyner, this determination is not material to our analysis.

2. In Texas, mandamus relief is available to a party who is improperly denied arbitration under an agreement subject to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 88 (Tex.1996). Neither party disputes the applicability of the FAA.

3. As the court of appeals correctly notes in its opinion, whether the terms and conditions of an arbitration agreement are themselves unconscionable is a matter which must be submitted to the designated arbitrator. Here, however, the Brandons complain of procedural unconscionability that relates to the actual making or inducement of the Arbitration Agreement. Claims of procedural unconscionability are reserved for judicial review. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1966) (relying on FAA, 9 U.S.C. § 4); *In re Foster Mold, Inc.*, 979 S.W.2d 665, 667–68 (Tex.App.—El Paso 1998) (orig.proceeding).

prove, *inter alia*, that (1) a material misrepresentation was made, and (2) it was false. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997); *see also Perry v. Thomas*, 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) (noting that under the FAA, state law should be applied to assess the validity of arbitration agreements "if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally"). The Brandons' fraud and misrepresentation claims rest solely on their contention that Oakwood represented the sale would not go through if they did not sign the Agreement. Because neither party asserts that these representations were false, they cannot support the Brandons' fraud or misrepresentation claims.

In support of their claims of unconscionability and duress, the Brandons contend the Agreement "is a classic example of a contract of adhesion where one party . . . had absolutely no bargaining power or ability to change the contract terms." Even if this contention is true, however, adhesion contracts are not automatically unconscionable or void. *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir.1992), *cert. denied*, 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993) (citing 6A ARTHUR CORBIN, CONTRACTS § 1376, at 20–21 (1962) & 7–9 (Supp.1991)). Moreover, "there is nothing per se unconscionable about arbitration agreements." *EZ Pawn*, 934 S.W.2d at 90; *see Emerald Tex., Inc. v. Peel*, 920 S.W.2d 398, 402–403 (Tex. App.—Hous. [1 Dist.] 1996, no writ) (holding that to find the arbitration provision unconscionable under the evidence presented would negate the public policy in favor of arbitration). The Brandons did not present the trial court with evidence of unconscionability or duress in their affidavits. *See Tenneco Oil Co. v. Gulsby Eng'g, Inc.*, 846 S.W.2d 599, 604 (Tex.App.—Hous. [14 Dist.] 1993, writ denied) (defining "duress" as "a threat to do some act which the threatening party has no legal right to do"). Accordingly, the Brandons failed to meet their burden.

The Brandons next contend Oakwood waived its right to arbitrate when it failed to respond to their requests for arbitration. Because public policy favors resolving disputes through arbitration, there is a strong presumption against the waiver of contractual arbitration rights. *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998); *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex.1995). Whether a party's conduct waives its arbitration rights is a question of law. *See In re Bruce Terminix Co.*, 988 S.W.2d at 703–704. We should resolve any doubts about waiver in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

Waiver may be found when it is shown that a party acted inconsistently with its right to arbitrate and such actions prejudiced the other party. *See In re Bruce Terminix Co.*, 988 S.W.2d at 704. The Brandons contend Oakwood's failure to respond to their letters requesting arbitration was inconsistent with Oakwood's right to arbitrate. However, in *In re Bruce Terminix Co.*, we held that, absent an agreement to the contrary, "a party against whom a claim is asserted does not waive its right to arbitrate by failing to initiate arbitration of that claim." *In re Bruce Terminix Co.*, 988 S.W.2d at 706. It was never Oakwood's burden under the Agreement to initiate the arbitration process against itself or assist the Brandons in doing so. The Agreement specifically provides that the parties shall arbitrate in accordance with "the applicable rules of the American Arbitration Association."[4] By agreeing to these rules, the parties placed the burden of initiating arbitration on the claimant, in this instance the Brandons. Accordingly, Oakwood's failure to initiate arbitration in response to the Brandons' letters is not a waiver as a matter of law.

We conclude that the trial court abused its discretion by denying Oakwood's motion to compel arbitration. A party erro-

**4.** Rule 6(a) of the AAA's Commercial Arbitration Rules states the procedure to be followed by the initiating party or "claimant."

neously denied the right to arbitrate under the FAA has no adequate remedy on appeal, and mandamus relief is appropriate. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex.1992). Accordingly, without hearing oral argument, TEX.R.APP. P. 52.8(c), we conditionally grant the writ of mandamus. We are confident the trial court will grant Oakwood's motion to compel arbitration in accordance with this opinion. We instruct the clerk to issue the writ only if the trial court fails to do so.