**In re DELTA HOMES, INC., Relator.**

No. 12–99–00257–CV.

Court of Appeals of Texas,
Tyler.

Aug. 18, 1999.

John Michael Colpoys, Richard A. Rodgers, Dallas, for relators.

Tom Bankhead,Corey Bankhead, Carthage, for real parties in interest Briggs.

John F. Berry, Tyler, for real party in interest Crossover.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

WORTHEN, Justice.

In this original mandamus proceeding, Relator Delta Homes, Inc. ("Delta"), seeks relief from the denial of its supplemental plea in abatement and motion to compel arbitration. Because the trial court abused its discretion in denying arbitration, we conditionally grant the writ.

## BACKGROUND

The record shows that on September 15, 1997, three days after their credit application was approved, Real Parties in Interest Ron and Melissa Briggs ("the Briggses") signed a Purchase Agreement and made a $2,970 cash down payment on a $29,673 manufactured home ("home"). From a reading of the record, it appears that the Briggses understood that additional documents would have to be executed before their purchase of the home was complete. After placing the order for the Briggses' home, on September 19, 1997, the retailer deposited the Briggses' check. Delta then manufactured the home and it was delivered to the retailer's business on September 27, 1997. Thereafter, on October 2, 1997, the Briggses signed several documents including a "Manufactured Home Retail Installment Contract, Security Agreement, and Disclosure Statement" ("installment contract") which was assigned to the lender. The Briggses also signed an arbitration agreement having been told that they must sign it before the home would be delivered to them.

Following delivery of the Briggses home but before they could move into it, a series of rain storms caused water damage to the home's interior. The Briggses' original petition alleges that upon further inspection, it appeared that the home had additional defects including bends, twists and creases in the home's roof which the Briggses felt precluded them from moving into it. The Briggses notified the retailer of these defects in November of 1997, and eventually filed suit against Delta, the retailer, and other defendants under the Texas Deceptive Trade Practices Act in September of 1998.

Thereafter, in March of 1999, Delta filed its "Supplemental Plea in Abatement and Motion to Compel Arbitration" ("motion to compel"). The trial court heard the matter on May 3, 1999, and after taking it under advisement, signed an order denying the requested relief on May 21, 1999. Following the trial court's denial of the

motion to compel, on July 27, 1999, Delta filed its petition for writ of mandamus. Therein it asserted that the parties had executed a binding arbitration agreement which covered the claims the Briggses made in their lawsuit and that Delta was therefore entitled to have the matter resolved by arbitration. The Briggses responded asserting that the arbitration agreement was not binding because it was entered into two weeks after they had signed the Purchase Agreement and made a $2,970 down payment. The Briggses further allege that under *Rivercenter Associates v. Rivera*, 858 S.W.2d 366 (Tex. 1993), Delta was not entitled to mandamus relief since it was not diligent in asserting its rights under the arbitration agreement.

### PREREQUISITES FOR A WRIT OF MANDAMUS

Mandamus is an extraordinary remedy, and it will lie only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 841 (Tex.1992, orig.proceeding); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

In the instant case, the arbitration agreement is subject to the Federal Arbitration Act. Thus, Delta is entitled to seek mandamus relief from the court's ruling. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 88 (Tex.1996).

### WAS DELTA ENTITLED TO REQUIRE ARBITRATION OF THE BRIGGSES' CLAIMS

The supreme court recently decided *In Re Oakwood Mobile Homes, Inc.*, a mandamus proceeding, which involved facts and issues nearly identical to those present here. 987 S.W.2d 571 (Tex.1999) (per curiam). In *Oakwood*, the court stated that before a party may seek to compel arbitration, he must establish: (1) the existence of an arbitration agreement; and (2) that the claims raised fall within the scope of that agreement. *Id.* at 573. Once the party establishes these, the trial court must compel arbitration and stay its own proceedings. *Id.*

Here, as in *Oakwood*, it is undisputed that Delta met its burden of establishing a claim within the arbitration agreement. Thus, the burden is now upon the Briggses to produce evidence that the parties' arbitration agreement was procured in an unconscionable manner, induced or procured by fraud or duress, or that Delta waived its right to arbitrate under their agreement. *Id.; Weekley Homes, Inc. v. Jennings*, 936 S.W.2d 16, 18 (Tex.App.—San Antonio 1996, writ denied) (per curiam).

To successfully establish fraud, a party must prove that: (1) a material representation was made; (2) it was false; (3) when the speaker made the representation he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made it with the intention that it should be acted upon by the party; (5) the party acted in reliance upon it; and (6) the party thereby suffered injury. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997); *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977). Here, the Briggses have established only the first and fifth of these elements. Accordingly, they are not entitled to avoid the arbitration agreement on grounds that they were fraudulently induced into signing it.

To avoid the arbitration agreement on grounds that their signature was obtained through duress, the Briggses must have established that the defendants threatened to do some act which they had no legal right to do. *Oakwood*, 987 S.W.2d at 574. The record shows that the Briggses signed the installment contract, the arbitration agreement and other papers on October 2, 1998, after seeing that the home they had ordered had been delivered to the retailer's lot. Ron Briggs testified that having seen that the home had arrived, they "went ahead and signed all of

the papers on it." He further testified that, at that time, they were told by the retailer that they had to sign the arbitration agreement "before they delivered it [the home] or anything." Similarly, when asked what she was told about the arbitration agreement, Melissa Briggs testified that the retailer told her "we couldn't purchase the mobile home or take it home or anything until we signed the agreement." This is the extent of the Briggses testimony regarding the arbitration agreement. It does not establish that the Briggses objected to signing the arbitration agreement, and it does not establish that the defendants below threatened to do some act which they had no legal right to do. Thus, the Briggses failed to meet their burden of establishing duress.

■ Last, we turn to the Briggses waiver argument in which they assert that Delta is not entitled to mandamus relief because Delta failed to promptly seek arbitration. The Briggses rely on *Rivercenter Associates v. Rivera*, 858 S.W.2d 366 (Tex. 1993) as support for their position. In *Rivercenter*, the supreme court noted that although mandamus is not an equitable remedy, it is largely controlled by equitable principles. *Id.* It then stated that one such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Id. quoting Callahan v. Giles*, 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941). Based upon that equitable principle, it denied Rivercenter mandamus relief on grounds that Rivercenter had failed to assert its rights under jury waiver provisions until four months after the other party had filed its jury demand and after Rivercenter had already requested a setting on the jury docket. *Rivercenter*, 858 S.W.2d at 367. This case, however, is distinguishable from *Rivercenter*. Waiver of the right to arbitrate results when the party opposing arbitration suffers actual prejudice from the acts of the party seeking arbitration. *USX Corp. v. West*, 759 S.W.2d 764, 767 (Tex.App.—Houston [1st

Dist.] 1988, orig. proceeding). "A delay in making a demand for arbitration does not constitute a waiver when there is no actual prejudice to the party opposing arbitration." *Pepe Int'l Development Co. v. Pub Brewing Co.*, 915 S.W.2d 925, 931 (Tex. App.—Houston [1st] 1996, no writ). For instance, as the court in *Pepe Int'l* pointed out, it has been held that waiver does not result even when a party seeking arbitration waits eight months before moving for arbitration, has already filed its answer, interrogatories, requests for production, has moved for a protective order and has agreed to a joint motion for continuance. *Id. citing Tenneco Resins, Inc. v. Davy Int'l*, 770 F.2d 416 (5th Cir.1985).

■ Here, although the Briggses argue that Delta's delay in seeking arbitration should preclude them from obtaining mandamus relief, they have set forth no evidence showing that they were actually prejudiced as a result of the delay. Thus, they have failed to establish Delta's waiver of the right to arbitrate.

Since the Briggses have failed to establish the arbitration agreement was procured by fraud, duress or unconscionability,[1] or prove that Delta waived its right to seek arbitration under the arbitration agreement, they are not entitled to avoid the arbitration agreement. *Oakwood*, 987 S.W.2d at 574. Delta having established the existence of an arbitration agreement which covers the claims raised by the Briggses in the underlying lawsuit, we conclude that the trial court abused its discretion by denying Delta's motion to compel.

## CONCLUSION

Without hearing oral argument, we conditionally grant the writ of mandamus. Because we are confident that the trial court will act promptly to abate the underlying lawsuit and compel arbitration under the parties' arbitration agreement, the writ

---

1. This issue was not raised by the Briggses.

will not issue unless the trial court fails to act accordingly within 30 days herefrom.

**Writ conditionally granted.**