NO. 07-01-0226-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2001

_____

IN RE: MOISES JACQUEZ AND OLGA JACQUEZ, RELATORS[1]
_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Relators Moises Jacquez and Olga Jacquez seek a writ of mandamus directing respondent, the Honorable Ron Enns, to vacate his order abating their lawsuit and ordering that claims which relators asserted in a lawsuit against Jim Walters Homes, Inc., be arbitrated. We deny the application.

BACKGROUND

In February, 1999, relators entered into a contract with Real Party in Interest Jim Walters Homes, Inc., (Jim Walters) for construction of a house in Dumas, Texas. A separate arbitration agreement was included as part of the contract. In August, 2000,

_____

[1]Relators captioned their Application for Writ of Mandamus "In re Honorable Ron Enns." Moises Jacquez and Olga Jacquez are relators in this proceeding and we have captioned our opinion in accordance with TEX. R. APP. P. 52.1.

relators filed suit in the 69th District Court of Moore County, Texas, claiming that they had been damaged by actions and omissions of Jim Walters in constructing the house.

Jim Walters filed a Motion to Abate/Stay Litigation and Compel Arbitration and Answer. By its motion, Jim Walters asserted that relators had agreed to arbitrate any claims arising out of or relating to the contract.

Relators did not contest signing an arbitration agreement, nor did they assert that their dispute was not within the scope of the agreement. Relators responded that they were illiterate, unable to read the arbitration agreement, did not remember signing the arbitration agreement, no one explained the agreement to them, the arbitration agreement was procured by fraud or constructive fraud, and that it would be unconscionable if the arbitration agreement were to be enforced. Relators filed affidavits in support of their response. Their affidavits set out that (1) relators signed the arbitration agreement along with other documents presented to them by representatives of Jim Walters, (2) neither of them remembered signing the arbitration agreement, (3) neither of them could read English, they did not have the agreement read to them, and they did not have the agreement explained to them by Jim Walters, and (4) Jim Walters knew that neither relator could read English, that each could only understand a little English, and that relators were relying on what the Jim Walters representative said the documents contained. The affidavits additionally set out that neither relator was told that by signing the arbitration agreement they were giving up their right to sue Jim Walters while Jim Walters could still sue them, and that the first time relators became aware that they had signed documents

which gave up the right to sue was when their attorney's legal assistant explained the documents to them. Olga stated in her affidavit that she distinctly remembered being told by a Jim Walters representative that if she ever had any problem with Jim Walters or the house, she had the right to file a lawsuit and take Jim Walters to court.

On November 27, 2000, the trial court held a hearing on Jim Walters' motion to abate and order arbitration. No evidence was presented at the hearing other than the affidavits of relators.[2] The motion was granted. Respondent ordered the lawsuit stayed and ordered the parties to arbitrate the entire dispute.

Relators seek a writ of mandamus[3] directing respondent to rescind or vacate his order granting the motion to abate and ordering arbitration. Relators assert that the issue before us is very narrow: when evidence is presented that the arbitration clause itself was entered into because of fraudulent inducement, the question of fraudulent inducement must be adjudicated in the judicial system, and not arbitrated.[4]

---

[2]Neither party complains about the trial court's summary disposition of the motions. See Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992), in regard to when an evidentiary hearing is appropriate.

[3]The parties do not question whether the Federal Arbitration Act applies and whether mandamus is available in regard to the trial court's actions. See In re L&L Kempwood & Assoc., 9 S.W.3d 125, 128 (Tex. 1999); In re: Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 n.2 (Tex. 1999); In re Delta Homes, Inc., 5 S.W.3d 237, 239 (Tex.App.--Tyler 1999, orig. proceeding).

[4]Relators' brief urged that they are also entitled to mandamus because the arbitration agreement specifies that the arbitration shall be conducted by J.A.M.S., and that J.A.M.S. failed and refused to conduct the arbitration for over four months. The contention was waived by counsel for relators during oral submission.

LAW

A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no other adequate remedy by law. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994). It is the relator's burden to show entitlement to issuance of the writ being requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).

The trial court's ruling on a motion to compel arbitration is reviewed for abuse of discretion. See Oakwood Mobile Homes, 987 S.W.2d at 574; Jack B. Anglin Co.,842 S.W.2d at 271; In re Koch Indus., Inc., 49 S.W.3d 439, 444 (Tex.App.--San Antonio 2001, orig. proceeding); In re Rangel, 45 S.W.3d 783, 786 (Tex.App.--Waco 2001, orig. proceeding). The abuse of discretion standard contains both a factual and legal component. See Walker, 827 S.W.2d at 839-40. In order to establish that a trial court abused its discretion in resolving a factual issue, a party must establish that the "trial court could reasonably have reached only one decision." Id. In regard to analyzing the law or application of the law to the facts, a trial court has no discretion, and must both properly analyze and apply the law to the facts. Id. at 840. Failure to either correctly analyze or apply the law will constitute an abuse of discretion. Id.

4

To establish under Texas law[5] that an arbitration agreement was entered into because of fraudulent inducement, a party must prove that (1) a material misrepresentation was made, (2) it was false, (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion, (4) the speaker made it with the intention that it should be acted upon by the party, (5) the party acted in reliance upon the misrepresentation in entering into the arbitration agreement, and (6) the party thereby suffered injury.[6] See In re FirstMerit Bank, N.A., Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997); In re H.E. Butt Grocery Co., 17 S.W.3d 360, 372 (Tex.App.--Houston [14th Dist.] 2000, orig. proceeding); In re Delta Homes, Inc., 5 S.W.3d at 239.

## ANALYSIS

The affidavit of relator Moises sets out that he did not remember signing the arbitration agreement. His affidavit avers that he was not told anything about the arbitration agreement one way or the other by Jim Walters' representatives. The affidavit

---

[5]The parties do not question whether Texas law governs the substantive avoidance defensive issues. See In re FirstMerit Bank, N.A., 2001 WL 660866 *4 (Tex. 2001).

[6]Relators read Oakwood Mobile Homes to limit the elements of fraudulent inducement to enter an arbitration agreement to elements (1) and (2). We do not so read the opinion. We note that the Oakwood Mobile Homes Court stated: "To establish fraud in the formation of an arbitration agreement, a party must prove inter alia, that (1) a material misrepresentation was made, and (2) it was false." 987 S.W.2d 571, 573-74. The Court cited Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). As noted above, Green sets out elements of fraudulent inducement which are omitted by the Oakwood Mobile Homes opinion, but which we perceive to be referenced by the Oakwood Mobile Homes use of the language "inter alia." See also In re FirstMerit Bank, N.A., 2001 WL 660866 *5.

does not present evidence that Moises relied on a false representation made by Jim Walters or its representative in signing the arbitration agreement.

Olga's affidavit contains the same substantive statements as Moises' affidavit. Her affidavit also includes reference to a statement made to her by the Jim Walters representative to the effect that if she had problems with Jim Walters or the house, she could take Jim Walters to court. Her affidavit does not assert that the statement was made before she signed the arbitration agreement. Nor does her affidavit claim that she relied on the statement in signing the agreement to arbitrate.

Even assuming, *arguendo*, that the statement to Olga by a Jim Walters representative was false, a conclusion disputed by Jim Walters,[7] Olga's affidavit does not evidence reliance on such statement in entering into the arbitration agreement. Merely proving the statement made by Jim Walters and Olga's execution of the arbitration agreement, without more, does not evidence or raise an inference that Olga relied on the statement in executing the arbitration agreement.

Because neither Moises' nor Olga's affidavits presented evidence that they entered into the arbitration agreement in reliance on false misrepresentations made by representatives of Jim Walters, relators did not offer proof in the trial court of all the elements of fraudulent inducement. See In re FirstMerit Bank, N.A., 2001 WL 660866 *5;

---

[7]The truth of the statement is illustrated, according to Jim Walters, by the fact that relators did file suit, even though Jim Walters filed a plea in abatement and sought arbitration.

6

Oakwood Mobile Homes, 987 S.W.2d at 574; In re H.E. Butt Grocery Co., 17 S.W.3d at 372-73; In re Delta Homes, Inc., 5 S.W.3d at 239. In the absence of proof that they relied on material false misrepresentations in executing the arbitration agreement, relators have not proved that the trial court abused its discretion in ordering arbitration. See Oakwood Mobile Homes, 987 S.W.2d at 574; In re H.E. Butt Grocery Co., 17 S.W.3d at 372-73; In re Delta Homes, Inc., 5 S.W.3d at 239. Thus, mandamus will not issue.

CONCLUSION

Having concluded that relators have not proved an abuse of discretion by the trial court, we deny the application for writ of mandamus.

Phil Johnson
Justice

Do not publish.

7