NO. 07-02-0079-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 4, 2002



______________________________




IN THE MATTER OF THE MARRIAGE OF


PAUL ALONZO AND PAT H. ALONZO




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 63,585-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before JOHNSON and REAVIS, JJ., and BOYD, SJ. (1)

 Appellant Pat H. Alonzo seeks to appeal from a final decree of divorce rendered by
the 108th District Court. The case was heard January 24, 2002. She filed her pro se notice
of appeal on January 29th, although the final decree was not signed until April 26, 2002. 
The clerk's record was filed May 22, 2002. This made the reporter's record due June 25,
2002. Tex. R. App. P. 35.1. No record or brief was received. In fulfillment of the duty this
court shares with the trial court reporter for filing the record, Tex. R. App. P. 35.3, the court
clerk contacted the official court reporter to determine the status of the record. The
reporter advised the court that she had not received a request to prepare a reporter's
record or payment for preparation of a record. The court clerk informed appellant of this
by letter dated May 30, 2002, and advised her that if we did not receive proof of her
request for a reporter's record within 10 days, we would consider those issues which do
not require a reporter's record. Tex. R. App. P. 37.3(c). No response was filed, nor has
appellant filed a brief or motion for extension of time to file a brief. The limited record
before us presents nothing for us to review. 

 We therefore dismiss the appeal for want of prosecution. Tex. R. App. P.
38.8(a)(1).

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002). 



d only understand a little English, and that relators were
relying on what the Jim Walters representative said the documents contained. The
affidavits additionally set out that neither relator was told that by signing the arbitration
agreement they were giving up their right to sue Jim Walters while Jim Walters could still
sue them, and that the first time relators became aware that they had signed documents
which gave up the right to sue was when their attorney's legal assistant explained the
documents to them. Olga stated in her affidavit that she distinctly remembered being told
by a Jim Walters representative that if she ever had any problem with Jim Walters or the
house, she had the right to file a lawsuit and take Jim Walters to court. 

 On November 27, 2000, the trial court held a hearing on Jim Walters' motion to
abate and order arbitration. No evidence was presented at the hearing other than the
affidavits of relators. (2) The motion was granted. Respondent ordered the lawsuit stayed
and ordered the parties to arbitrate the entire dispute. 

 Relators seek a writ of mandamus (3) directing respondent to rescind or vacate his
order granting the motion to abate and ordering arbitration. Relators assert that the issue
before us is very narrow: when evidence is presented that the arbitration clause itself was
entered into because of fraudulent inducement, the question of fraudulent inducement
must be adjudicated in the judicial system, and not arbitrated. (4) 



LAW

 A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a
clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no
other adequate remedy by law. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305
(Tex. 1994). It is the relator's burden to show entitlement to issuance of the writ being
requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916,
917 (Tex. 1985). 

 The trial court's ruling on a motion to compel arbitration is reviewed for abuse of
discretion. See Oakwood Mobile Homes, 987 S.W.2d at 574; Jack B. Anglin Co.,842
S.W.2d at 271; In re Koch Indus., Inc., 49 S.W.3d 439, 444 (Tex.App.--San Antonio 2001,
orig. proceeding); In re Rangel, 45 S.W.3d 783, 786 (Tex.App.--Waco 2001, orig.
proceeding). The abuse of discretion standard contains both a factual and legal
component. See Walker, 827 S.W.2d at 839-40. In order to establish that a trial court
abused its discretion in resolving a factual issue, a party must establish that the "trial court
could reasonably have reached only one decision." Id. In regard to analyzing the law or
application of the law to the facts, a trial court has no discretion, and must both properly
analyze and apply the law to the facts. Id. at 840. Failure to either correctly analyze or
apply the law will constitute an abuse of discretion. Id. 

 To establish under Texas law (5) that an arbitration agreement was entered into
because of fraudulent inducement, a party must prove that (1) a material misrepresentation
was made, (2) it was false, (3) when the representation was made, the speaker knew it was
false or made it recklessly without any knowledge of its truth and as a positive assertion,
(4) the speaker made it with the intention that it should be acted upon by the party, (5) the
party acted in reliance upon the misrepresentation in entering into the arbitration
agreement, and (6) the party thereby suffered injury. (6) See In re FirstMerit Bank, N.A.,
Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997); In re H.E. Butt Grocery Co., 17
S.W.3d 360, 372 (Tex.App.--Houston [14th Dist.] 2000, orig. proceeding); In re Delta
Homes, Inc., 5 S.W.3d at 239. 

ANALYSIS

 The affidavit of relator Moises sets out that he did not remember signing the
arbitration agreement. His affidavit avers that he was not told anything about the
arbitration agreement one way or the other by Jim Walters' representatives. The affidavit
does not present evidence that Moises relied on a false representation made by Jim
Walters or its representative in signing the arbitration agreement. 

 Olga's affidavit contains the same substantive statements as Moises' affidavit. Her
affidavit also includes reference to a statement made to her by the Jim Walters
representative to the effect that if she had problems with Jim Walters or the house, she
could take Jim Walters to court. Her affidavit does not assert that the statement was made
before she signed the arbitration agreement. Nor does her affidavit claim that she relied
on the statement in signing the agreement to arbitrate. 

 Even assuming, arguendo, that the statement to Olga by a Jim Walters
representative was false, a conclusion disputed by Jim Walters, (7) Olga's affidavit does not
evidence reliance on such statement in entering into the arbitration agreement. Merely
proving the statement made by Jim Walters and Olga's execution of the arbitration
agreement, without more, does not evidence or raise an inference that Olga relied on the
statement in executing the arbitration agreement.

 Because neither Moises' nor Olga's affidavits presented evidence that they entered
into the arbitration agreement in reliance on false misrepresentations made by
representatives of Jim Walters, relators did not offer proof in the trial court of all the
elements of fraudulent inducement. See In re FirstMerit Bank, N.A., 2001 WL 660866 *5;
Oakwood Mobile Homes, 987 S.W.2d at 574; In re H.E. Butt Grocery Co., 17 S.W.3d at
372-73; In re Delta Homes, Inc., 5 S.W.3d at 239. In the absence of proof that they relied
on material false misrepresentations in executing the arbitration agreement, relators have
not proved that the trial court abused its discretion in ordering arbitration. See Oakwood
Mobile Homes, 987 S.W.2d at 574; In re H.E. Butt Grocery Co., 17 S.W.3d at 372-73; In
re Delta Homes, Inc., 5 S.W.3d at 239. Thus, mandamus will not issue. CONCLUSION

 Having concluded that relators have not proved an abuse of discretion by the trial
court, we deny the application for writ of mandamus. 


 Phil Johnson

 Justice



Do not publish.
1. Relators captioned their Application for Writ of Mandamus "In re Honorable Ron
Enns." Moises Jacquez and Olga Jacquez are relators in this proceeding and we have
captioned our opinion in accordance with Tex. R. App. P. 52.1.
2. Neither party complains about the trial court's summary disposition of the motions. 
See Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992), in regard to when
an evidentiary hearing is appropriate.
3. The parties do not question whether the Federal Arbitration Act applies and
whether mandamus is available in regard to the trial court's actions. See In re L&L
Kempwood & Assoc., 9 S.W.3d 125, 128 (Tex. 1999); In re: Oakwood Mobile Homes, Inc.,
987 S.W.2d 571, 573 n.2 (Tex. 1999); In re Delta Homes, Inc., 5 S.W.3d 237, 239
(Tex.App.--Tyler 1999, orig. proceeding). 
4. Relators' brief urged that they are also entitled to mandamus because the
arbitration agreement specifies that the arbitration shall be conducted by J.A.M.S., and that
J.A.M.S. failed and refused to conduct the arbitration for over four months. The contention
was waived by counsel for relators during oral submission. 
5. The parties do not question whether Texas law governs the substantive avoidance
defensive issues. See In re FirstMerit Bank, N.A., 2001 WL 660866 *4 (Tex. 2001).
6. Relators read Oakwood Mobile Homes to limit the elements of fraudulent
inducement to enter an arbitration agreement to elements (1) and (2). We do not so read
the opinion. We note that the Oakwood Mobile Homes Court stated: "To establish fraud
in the formation of an arbitration agreement, a party must prove inter alia, that (1) a
material misrepresentation was made, and (2) it was false." 987 S.W.2d 571, 573-74. The
Court cited Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). As noted above,
Green sets out elements of fraudulent inducement which are omitted by the Oakwood
Mobile Homes opinion, but which we perceive to be referenced by the Oakwood Mobile
Homes use of the language "inter alia." See also In re FirstMerit Bank, N.A., 2001 WL
660866 *5.
7. The truth of the statement is illustrated, according to Jim Walters, by the fact that
relators did file suit, even though Jim Walters filed a plea in abatement and sought
arbitration.