11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

GeoSurveys,
Inc., Tony M. Preslar, and Calvin W. Donaghey

Appellants

Vs.                   No.  11-03-00183-CV -- Appeal from Taylor County

State
National Bank f/k/a United Bank & Trust, Abilene

Appellee

 

GeoSurveys, Inc., Tony M. Preslar, and Calvin W.
Donaghey[1]
filed suit against State National Bank f/k/a United Bank & Trust, Abilene,
(the Bank), alleging fraud, negligent misrepresentation, and slander in regard
to the Bank=s
handling of a loan renewal. Pursuant to a motion by the Bank, the trial court
entered an order on November 15, 2001, abating the case and compelling
arbitration.  After a hearing, the
arbitrator found that the Bank breached its agreement to renew and extend the balance
of the loan obligation of GeoSurveys. 
The arbitrator found that the costs GeoSurveys incurred in moving its
loan to another bank were not a direct or proximate result of the breach of the
oral agreement.  The arbitrator found no
evidence of fraud, libel, or slander. 
The arbitrator concluded that GeoSurveys, Preslar, and Donaghey take
nothing on their claim for damages against the Bank.  The trial court adopted the findings of the
arbitrator; entered judgment for the Bank; and ordered that GeoSurveys,
Preslar, and Donaghey take nothing by their suit.  GeoSurveys appeals, arguing that the trial
court erred in ordering arbitration and that the trial court erred in adopting
the arbitrator=s
findings.  We affirm.  








In 1995, GeoSurveys negotiated with the City of
Brady to build a gas pipeline and supply natural gas to the city.  On December 22, 1995, GeoSurveys entered into
a verbal agreement with the Bank to provide a loan for the construction of the
gas pipeline.  On August 25, 1996,
GeoSurveys signed a note with the Bank in the amount of $910,587.67.  The loan was for a five-year term and
required monthly payments of $19,095.45. 
In 1999, GeoSurveys asked the Bank for a reduction in the monthly
payment because of falling oil prices. 
Both GeoSurveys and the Bank agree that GeoSurveys had timely made all
required payments on the loan.  On March
30, 1999, GeoSurveys signed a note with the Bank for the  remaining balance on the note, $536,907.72.  The note was for a one-year term with monthly
payments of $9,648.16. 

GeoSurveys and the Bank disagree about the events
surrounding the March 30, 1999, note. 
Preslar testified at the hearing before the arbitrator that, when he
received the note, he was expecting  a
six-year term.  Preslar was concerned
about the one-year note with a Aballoon
payment@ at the
end of the term.  Preslar testified that
Ray Howe, former Chairman of the Bank, assured Preslar that the note would be
renewed at the end of the term and that the one-year term was to allow for
changes in the interest rate.  Howe
testified that he never guaranteed that the note would be renewed for further
one-year terms.

In February 2000, Preslar met with Howe and Jim
Richmond from the Bank to discuss the renewal of the March 1999 note.  Again, GeoSurveys and the Bank disagree about
the events surrounding the renewal of the note. 
Preslar testified that, at the February 2000 meeting, Richmond agreed to
renew the note for another year but informed him that the interest rate would
increase. Richmond told Preslar that he would have the paperwork ready in two
to three weeks.   Preslar stated that on
March 23 he received a notice from the Bank requesting GeoSurveys to pay the
balance of the note by March 30.  Preslar
said that, when he contacted the Bank, Richmond told him to tear up the notice
and that he was finalizing the paperwork on the renewal note.  Preslar testified that, on April 21, Richmond
told him that the Bank would only renew the note for 90 days.  GeoSurveys began talking to First National
Bank of Baird about moving the loan to that bank. 

Richmond testified that he did not make a
commitment at the February 2000 meeting to renew the March 1999 note for
another year. Richmond stated that the Bank=s
chief lending officer was concerned about GeoSurveys=s
cash flow and recommended a 90-day extension to gather more information.  Richmond testified that GeoSurveys=s risk rating had changed from Asubstandard@
to Adoubtful.@









GeoSurveys began negotiating with  First National Bank of Baird to receive
a  loan from the Small Business
Administration (SBA).  In order to
receive a loan through SBA, GeoSurveys would have to be current on its loan
with the Bank.  On June 2, 2000, the Bank
and GeoSurveys executed a new note.  The
new note was for the period of March 30, 2000, to July 30, 2000, and required
monthly payments of $9,705.68. The note was renewed again on July 30 and
September 30.  On September 28,
GeoSurveys was approved for a loan through the SBA. 

In its first issue on appeal, GeoSurveys contends
that the trial court erred in ordering the cause to arbitration because the
Bank waived its right to arbitration by engaging in extensive pretrial
discovery.  The arbitration agreement in
this case states that all disputes and claims arising from the note shall be
arbitrated pursuant to the rules of the American Arbitration Association.  The agreement also states that the Federal
Arbitration Act shall apply to the construction, interpretation, and
enforcement of the arbitration agreement. 
The Federal Arbitration Act requires courts to stay lawsuits involving
arbitrable issues pending arbitration Aproviding
the applicant for the stay is not in default in proceeding with such
arbitration.@  9 U.S.C. '
3; In re Bruce Terminix Company, 988 S.W.2d 702, 704 (Tex.1998).   In applying this provision, courts commonly use
the term Awaiver@ rather than the statutory term Adefault.@   In re Bruce Terminix Company, supra
at 704.  Because public policy favors
arbitration, the Federal Arbitration Act imposes a strong presumption against
waiver.  Moses H. Cone Memorial Hospital
v. Mercury Construction Corporation, 460 U.S. 1, 24  (1983); In re Bruce Terminix Company,
supra; EZPawn Corporation v. Mancias, 934 S.W.2d 87, 90
(Tex.1996);  Prudential Securities
Incorporated v. Marshall, 909 S.W.2d 896, 898 (Tex.1995).  Courts will not find that a party has waived
its right to enforce an arbitration clause by merely taking part in litigation
unless it has substantially invoked the judicial process to its opponent=s detriment. In re Bruce Terminix
Company, supra; EZPawn Corporation v. Mancias, supra.  

GeoSurveys filed suit on March 30, 2001, and the
Bank answered on April 4, 2001.  The Bank
filed its motion to compel arbitration on May 31, 2001.  The record shows that the Bank sent requests
for interrogatories to Preslar and to GeoSurveys and also sent a request for
production to GeoSurveys.  GeoSurveys
contends that it responded to these requests and that the response included
1,160 pages of Bates-stamped documents. 
GeoSurveys complains that it incurred $9,700.00 in legal expenses in
responding to the Bank=s
discovery requests and that it has incurred great expense in copying the
requested documents. 








This case falls short of the level of discovery
that courts have held waives the right to arbitrate.  See Walker v. J.C. Bradford & Co.,
938 F.2d 575 (5th Cir. 1991); In re Bruce Terminix Company, supra.  The Bank did not seek a judicial resolution
of its dispute before requesting arbitration. 
See  Walker v. J.C. Bradford
& Co., supra; In re Bruce Terminix Company, supra.  Although GeoSurveys complains that it was
prejudiced because it incurred great expense in producing documents to the Bank
that could not have been obtained for arbitration, the American Arbitration
Association rules allow for production of relevant documents.  In re Bruce Terminix Company, supra.  GeoSurveys has not overcome its heavy burden
of proof required to establish waiver.   See  Walker v. J.C. Bradford & Co., supra;  In re Bruce Terminix Company, supra; EZPawn
Corporation v. Mancias, supra. 
GeoSurveys=s first issue
on appeal is overruled.

In its second issue on appeal, GeoSurveys contends
that the trial court erred in ordering the cause to arbitration under the
Federal Arbitration Act because there was no issue of interstate commerce.  The arbitration agreement in this case states
that the rules of the American Arbitration Association apply to any dispute and
that  the Federal Arbitration Act shall
apply to the construction, interpretation, and enforcement of the arbitration
agreement.  The note is signed by Preslar
representing GeoSurveys.   Where the
parties designate in the arbitration agreement which arbitration statute they
wish to have control, the court should apply their choice. In re Van
Blarcum, 19 S.W.3d 484, 489 (Tex.App. ‑ Corpus Christi 2000), mand.
cond. granted sub nom. In re American Homestar of Lancaster, 50 S.W.3d 480
(Tex.2001).  GeoSurveys=s second issue on appeal is
overruled.  








In its third issue on appeal, GeoSurveys complains
that the trial court erred in ordering the cause to arbitration because the
Bank obtained the agreement to arbitrate by use of duress.  As stated, GeoSurveys and the Bank disagree
over the circumstances surrounding the renewal of the March 1999 note.   GeoSurveys pursued obtaining a loan through
the SBA after the Bank would only agree to a 90-day note.  The note was renewed on July 30 and September
30 while GeoSurveys was finalizing its loan with the SBA.  The September 30 note was the only note
containing the arbitration clause. 
GeoSurveys states in its brief that the September 30 note, which
extended the note from September 30, 2000, to October 30, 2000, was not
delivered to GeoSurveys until October 30, 2000. At that time, GeoSurveys was in
technical default because the previous note matured on September 30.  GeoSurveys states that the loan had to be
current in order for GeoSurveys to receive the SBA loan.  GeoSurveys argues that it signed the
September 30 renewal note under duress because it would have been unable to
receive the SBA loan had it not agreed to the renewal.  Preslar and Donaghey both testified that they
signed the September 30 note under economic duress.  Donaghey stated that he believed he would
lose Aeverything@ if he did not sign the September 30
note.

To establish that it signed
the note under duress, GeoSurveys must show that the Bank threatened to do
something it had no right to do.  See
In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 574 (Tex.1999); In re
Delta Homes, 5 S.W.3d 237, 239 (Tex.App. - Tyler 1999, no pet=n); Tenneco Oil Company v. Gulsby
Engineering, Inc., 846 S.W.2d 599, 604 (Tex.App. - Houston [14th Dist.]
1993, writ den=d).  There is nothing Aper
se unconscionable about arbitration agreements.@  GeoSurveys did not meet its burden of
establishing duress.  In re Oakwood
Mobile Homes, Inc., supra; EZPawn Corporation v. Mancias, supra.  GeoSurveys=s
third issue on appeal is overruled.

In its fourth issue on
appeal, GeoSurveys argues that the trial court erred in adopting the arbitrator=s findings of fact and conclusions of
law.  GeoSurveys contends that the
arbitrator made a conclusion that the Bank breached a contract with GeoSurveys
but failed to award damages or attorney=s
fees to GeoSurveys.  The courts of
appeals review the trial court=s
decision to confirm an arbitration award de novo under the Federal Arbitration
Act.   Gateway Technologies, Inc. v.
MCI Telecommunications Corp., 64 F.3d 993, 996 (5th Cir. 1995).  The review of an arbitration award, however,
is usually Aextraordinarily
narrow.@   Hughes Training, Incorporated v. Cook,
254 F.3d 588, 593 (5th Cir.2001), cert. den=d,  534 U.S. 1172 (2002).  The court may not review the arbitrator=s decision on the merits even if it is
alleged that the decision is based on factual error or  misinterprets the parties= agreement.   Major League Baseball Players Association
v. Garvey, 532 U.S. 504, 509 (2001); 
United Paperworkers International Union, AFL‑CIO v. Misco, Inc.,
484 U.S. 29, 36 (1987).  It is presumed
under the Federal Arbitration Act that arbitration awards will be
confirmed.  Tanox, Inc. v. Akin, Gump,
Strauss, Hauer & Feld, L.L.P., 105 S.W.3d 244, 251 (Tex.App. ‑
Houston [14th  Dist.] 2003, pet=n den=d).








In the findings of fact and conclusions of law as
adopted by the trial court, the arbitrator found that, at the February 2000
meeting, the Bank agreed to renew the GeoSurveys=s
note for another year. The arbitrator found that the Bank breached this
agreement.  The arbitrator found that the
damages claimed by GeoSurveys were for the costs of moving the loan to a
different bank.  The arbitrator stated
that the costs incurred by GeoSurveys moving its loan to First National Bank of
Baird were not a direct or proximate result of the breach of the oral agreement
by the Bank.  The arbitrator further
stated that the costs incurred in moving the loan were substantially the same
as GeoSurveys would have incurred if the loan were renewed for another year in
March 2000, but not in March 2001.  The
evidence supports the arbitrator=s
findings of fact and conclusions of law. 
The trial court did not err in adopting the arbitrator=s findings.  GeoSurveys=s
fourth issue on appeal is overruled.

In its fifth issue on appeal, GeoSurveys argues
that the arbitrator erred in failing to find that the Bank committed fraud and
that the trial court erred in approving the arbitrator=s
findings of fact and conclusions of law because GeoSurveys brought the
fraudulent actions of the Bank to the attention of the trial court in its
pleadings.  In order to establish fraud,
GeoSurveys must show that there was a (1) material misrepresentation, (2) that
was false, (3) which was known to be false or was asserted without knowledge of
the truth, (4) which was intended to be acted upon, (5) which was relied upon,
(6) and caused injury.  Johnson &
Johnson Medical, Inc. v. Sanchez, 924 S.W.2d 925, 929-30 (Tex.1996).  The arbitrator found that the damages claimed
by GeoSurveys were related to moving the loan to First National Bank of Baird
and that the damages were not the result of the Bank=s
breach of the oral contract.  The evidence
supports this finding.  Therefore,
GeoSurveys has not met its burden of proving fraud.  Because our review of the arbitrator=s decision is Aextra-ordinarily
narrow,@ we
cannot say that the arbitrator erred in finding that there was no evidence of fraud
and that the trial court erred in adopting the arbitrator=s findings.  GeoSurveys=s
fifth issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

June 24, 2004

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Preslar is a shareholder of GeoSurveys and serves as a
director, chairman of the board, and vice president.  Donaghey is a shareholder of GeoSurveys and
serves as a director and president.  The
parties will be referred to as GeoSurveys.