Petition for Writ of Mandamus Conditionally Granted; Motion for
Rehearing Granted; Opinion of March 29, 2005 Withdrawn; Opinion on Rehearing 
filed June 9, 2005









 

Petition for Writ of Mandamus Conditionally Granted;
Motion for Rehearing Granted; Opinion of March 29, 2005 Withdrawn; Opinion on
Rehearing  filed June 9, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01082-CV

____________

 

IN RE GLOBAL CONSTRUCTION COMPANY, L.L.C.,
Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

O P I N I O N   O N  
R E H E A R I N G

In ruling on this petition for writ of mandamus filed by
Global Construction Company,  we must
decide if the underlying dispute, in which the real party in interest claims
that arbitration is time-barred, is an issue of procedural arbitrability and
thus for the arbitrator, or is an issue of substantive arbitrability for the
court.  See Howsam v. Dean
Witter Reynolds, Inc., 537 U.S. 79, 83–85 (2002); see also Tex. Gov’t Code § 22.221; Tex. R. App. P. 52.1.  Because the disputed issue—whether Global
waived its right, or failed to meet a condition precedent to compel
arbitration—is a procedural issue the arbitrator must decide, we conditionally
grant the petition.

 








 

Background

On February 21, 2002, C. Springs 300, Ltd. (“C. Springs”)
entered into a contract with Global for the construction of an apartment
complex in Colorado Springs, Colorado. 
The parties entered into three contracts: a Housing and Urban
Development (“HUD”) contract containing the project’s specifications and
cost-plus provision; a repurchase agreement, entered into for the purpose of
compliance with HUD regulations; and a side agreement, which provided for
Global’s profit.  The HUD contract
provides for submission of disputes to the architect for determination.  The contract further provides that “[a]ny
claims arising out of or related to the Contract” are subject to
arbitration.  The architect is required
to notify the parties of his decision on the dispute in a letter containing a
notice that his decision has been made and that any demand for arbitration must
be made within thirty days of the decision or the decision will become final
and binding on all parties.

On September 23, 2002, Global submitted a final payment
application to C. Springs requesting $225,344.16 as payment for extra work done
under the contract.  C. Springs refused
to pay for the extra work because it claimed Global was not entitled to payment
under the contract.  Global refused to
sign final payment documents until C. Springs paid for the extra work.  After negotiation, the parties determined
that C. Springs would pay Global $90,000 for the extra work in exchange for
Global’s execution of the final payment documents.








C. Springs further requested Global to perform what it
classified as warranty work and Global contended was work outside the scope of
the contract.  This work related to
drainage, the swimming pool heater, landscaping, and fire alarm closet
heaters.  C. Springs submitted those
issues to the architect for determination.[1]  On January 6, 2004, the architect issued a
decision in which he found Global did not have any “valid or outstanding unpaid
claims” against C. Springs for additional costs under the contract.  He properly notified both parties that his
decision was final and that if they did not seek arbitration within thirty
days, his decision would be final and binding. 
On February 26, 2004, C. Springs filed the underlying suit for a
declaratory judgment in which it requested a judgment stating that the
architect’s decision is binding and requested a refund of the $90,000 paid to
Global for the extra work.  On May 27,
2004, Global filed a motion to compel arbitration.  The trial court denied the motion to compel
with regard to the claim for defective work and/or warranty work that had been
decided by the architect.  The court
expressly found that Global waived its right to arbitrate those claims that had
been submitted to the architect by failing to demand arbitration within thirty
days.  Global seeks relief from that
order by petition for writ of mandamus.

The Contract Provisions

The HUD contract contains the following provisions:

4.6.1   Any Claim arising out of or related to the Contract, except Claims
relating to aesthetic effect and except those waived as provided for in
Subparagraphs 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect
or 30 days after submission of the Claim to the Architect, be subject to
arbitration.  Prior to arbitration, the
parties shall endeavor to resolve disputes by mediation in accordance with the
provisions of Paragraph 4.5.

 

4.6.2   Claims not resolved by mediation shall be decided by arbitration
which, unless the parties mutually agree otherwise, shall be in accordance with
the Construction Industry Arbitration Rules of the American Arbitration
Association currently in effect.  The
demand for arbitration shall be filed in writing with the other party to the
Contract and with the American Arbitration Association, and a copy shall be
filed with the Architect.

 

4.6.3   A demand for arbitration shall be made within the time limits
specified in Subparagraphs 4.4.6 and 4.6.1 as applicable, and in other cases
within a reasonable time after the Claim has arisen, and in no event shall it
be made after the date when institution of legal or equitable proceedings based
on such Claim would be barred by the applicable statute of limitations as
determined pursuant to Paragraph 13.7.








4.4.6   When a written decision of the Architect states that (1) the
decision is final but subject to mediation and arbitration and (2) a demand for
arbitration of a Claim covered by such decision must be made within 30 days
after the date on which the party making the demand receives the final written
decision, then failure to demand arbitration within said 30 days’ period shall
result in the Architect’s decision becoming final and binding upon the Owner
and Contractor.  If the Architect renders
a decision after arbitration proceedings have been initiated, such decision may
be entered as evidence, but shall not supersede arbitration proceedings unless
the decision is acceptable to all parties concerned.

 

The Parties’ Burdens

A party seeking to compel arbitration has the initial burden
to establish the arbitration agreement’s existence and to show that the claims
asserted fall within the scope of the arbitration agreement.  Valero Energy Corp. v. Teco Pipeline Co.,
2 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  If the party seeking arbitration carries its
initial burden, the burden then shifts to the party resisting arbitration to
present evidence on its defenses to the arbitration agreement.  In re Oakwood Mobile Homes, Inc., 987
S.W.2d 571, 573 (Tex. 1999).  Here, the
parties agree there is an agreement to arbitrate and agree that C. Springs’s
claims fall within the scope of the agreement. 
C. Springs claims, however, that Global waited too long after the
architect’s decision to initiate arbitration and by delaying, waived its right
to arbitration.  Both parties agree that
the Federal Arbitration Act (“FAA”) governs the dispute.  

Issue for Arbitrator

This case requires us to choose the appropriate adjudicator
of this dispute:  the judge or the arbitrator.  For a variety of reasons, Global contends the
arbitrator is the proper adjudicator.  C.
Springs claims the trial judge must decide the issue because this case involves
a condition precedent, which it claims is a substantive issue.  








The issue is resolved by the United States Supreme Court
case, Howsam v. Dean Witter Reynolds, Inc.  There, the Court noted that compliance with
conditions precedent or prerequisites to the obligation to arbitrate, such as
notice, time limits, laches, and estoppel, are questions for the arbitrator,
not questions for the trial court.  Howsam
537 U.S. at 84 (quoting Revised Unif.
Arbitration Act § 6(c) and cmt. 2, 7 U.L.A. 12–13 (Supp. 2002)).  The Supreme Court has held that questions of
arbitrability fall into one of two categories: issues involving procedural
impediments to arbitration or those involving substantive impediments to
arbitration.  Id. at 83–85.  Issues of notice, time limits, laches, and
estoppel—generally any issue requiring the adjudicator to decide if a party has
satisfied the prerequisites to compelling arbitration—involve procedural
arbitrability.  See id. at
84–85.  Procedural arbitrability is the
province of the arbitrator.  Id.  Substantive arbitrability, on the other hand,
requires the adjudicator to determine whether parties have agreed to arbitrate
a given dispute.  See id. at 84
(collecting cases).[2]  Substantive arbitrability is the province of
the trial judge.  Id. 

C. Springs argues that Howsam is not controlling, but
we disagree.  In Howsam, the Court
was confronted with a contract requiring that a demand for arbitration must be
made within six years of the date of the occurrence.  Id at 81.  The Court held that this limitation was an
issue of procedural arbitrability for the arbitrator, rather than a question of
substantive arbitrability for the court. 
Id. at 85.  The Court’s
language was broad, indicating that all issues of this sort are procedural in
nature.  Id.  Thus, whether the issue is described as being
a failure to meet a condition precedent or is described as waiver or laches,
each one presents an issue of procedural arbitrability.  For this reason, C. Springs’s claim that the
failure to meet a condition precedent presents a substantive issue, while mere
waiver presents a procedural issue, is incorrect.  

In short, once the trial court determined that (1) the
parties agreed to arbitrate, (2) the agreement was valid, and (3) the claims
asserted fell within the scope of the agreement, it had no discretion but to
compel arbitration of the dispute, leaving the parties to present the matter of
the delay in requesting arbitration to the arbitrator.  See id.  








Conclusion

Mandamus will issue only to correct a
clear abuse of discretion when the abuse cannot be remedied by appeal.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).  The trial court abused its
discretion because it misapplied the FAA to the facts of this case.  A party who is erroneously denied the right
to arbitration has no adequate remedy at law because the fundamental purpose of
arbitration—to provide a rapid, less expensive alternative to traditional
litigation—would be defeated.  Jack B.
Anglin. Co., Inc. v. Tipps, 842 S.W.2d 266, 271 (Tex. 1992).  

Because any contractual time limit on a request for
arbitration is a matter for the arbitrator, we conditionally grant the petition
for writ of mandamus.  The trial court is
directed to order C. Springs’s claims against Global to arbitration.  The clerk is instructed to issue writ of
mandamus only if the trial court does not follow our direction.

 

 

 

 

/s/        Wanda McKee Fowler

Justice

 

 

Petition for Writ of Mandamus Conditionally Granted
and Opinion on Rehearing filed June 9, 2005.

Panel consists of
Justices Fowler, Frost and Seymore.











[1]  C. Springs was
required to submit the dispute to the architect within twenty-one days from its
occurrence, but presented this issue well beyond the deadline.





[2]  See also Am. Med. Techs., Inc. v. Miller, 149 S.W.3d 265, 274 (Tex. App.—Houston [14th Dist.]
2004, no pet.) (holding that, when a party denies a valid agreement to
arbitrate ever existed, a court should decide the issue).