NO.
12-06-00058-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

RAPID SETTLEMENTS, LTD. AND         

RAPID MANAGEMENT CORPORATION,          §          APPEAL FROM
THE 402ND

APPELLANTS

 

V.        §          JUDICIAL DISTRICT COURT OF

 

SSC SETTLEMENTS, 

LLC AND STONE STREET CAPITAL,    §          WOOD COUNTY, TEXAS

APPELLEES

 

NO. 12-06-00334-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

IN RE: RAPID SETTLEMENTS, LTD.

AND RAPID MANAGEMENT       §          ORIGINAL PROCEEDING

CORPORATION, RELATORS

§          

 

 

 



OPINION








            Rapid
Settlements, Ltd. and Rapid Management Corporation (collectively “Rapid”) filed
a parallel appeal and mandamus proceeding challenging a final summary judgment
entered in favor of SSC Settlements, L.L.C. and Stone Street Capital, Inc. (collectively
“SSC”).[1]  We deny the petition for writ of
mandamus.  We further vacate the trial
court’s order denying Rapid’s Amended Motion to Stay Litigation Pending
Arbitration.  Finally, we affirm in part
the trial court’s judgment on the remaining claims and reverse and render in
part.

 

Background

            In
October 1990, William Prante settled a personal injury claim prosecuted in
Dawes County, Nebraska.  Pursuant to a
structured settlement agreement, Metropolitan Life Insurance Company (“MetLife”)
was obligated to make periodic payments to Prante.  That same year, Metlife Security Insurance
Company (“Metlife Security”) issued an annuity contract naming Prante as
annuitant.

            On December 1, 2004, Prante entered
into a transfer agreement with Rapid to sell a portion of the future periodic
payments to Rapid.  The Rapid-Prante
transfer agreement contained a provision purportedly entitling Rapid to a right
of first refusal and security interest for any future transfers of Prante’s
periodic payments.  The Rapid-Prante
agreement further contained an arbitration clause that stated, in pertinent
part, as follows:

 

Choice of Law; Arbitration; Waiver of Jury Trial.  This
Agreement shall be governed by and construed and enforced in accordance with
the laws of the State of Texas.  Any
dispute or disagreement arising under this Agreement of any nature whatsoever
including but not limited to those sounding in constitutional, statutory, or
common law theories as to the performance of any obligations, the satisfaction
of any rights, and/or the enforceability hereof, shall be resolved through
demand by any interested party to arbitrate the dispute and shall submit the
same to a nationally recognized, neutral, arbitration association for
resolution pursuant to its single arbitrator, expedited rules.

 

The Rapid-Prante
transfer was approved by an order dated January 21, 2005.[2]

            On March 22, 2005, Prante entered
into an agreement with SSC, whereby he agreed to sell to SSC a different
portion of the future periodic payments. 
Prante did not give Rapid notice of this transaction pursuant to the
right of first refusal provision in the Rapid-Prante agreement.  The SSC-Prante agreement was filed with the
trial court and subsequently approved by an order dated June 13, 2005.

            On August 13, 2005, Rapid made a
demand for arbitration, in which it sought an order and judgment against Prante
and a turnover/garnishment of the future payments described in the SSC-Prante
transfer order.  Rapid also made a claim
against SSC for tortious interference with the Rapid-Prante contract.  Rapid’s demand for arbitration was served on
both Prante and SSC.  The demand included
notice of a preliminary scheduling conference for September 9, 2005.

            On September 12, 2005, SSC filed
suit in Wood County, Texas against Rapid, Prante, MetLife, and Metlife
Security.  By its lawsuit, SSC sought an
injunction precluding Rapid from pursuing any arbitration relative to the
matters in dispute in the case and a declaratory judgment as follows: 

 

SSC seeks a declaratory judgment in this case that the
SSC-Prante order is effective and enforceable as to all parties,
notwithstanding Rapid’s allegation that the prior Rapid-Prante order precluded
or prohibited the transaction reflected and approved in the SSC-Prante order
from having effect.

 

SSC seeks a declaratory judgment that the security
interest/right of first refusal claimed by Rapid relative to the Periodic
Payments transferred and assigned to SSC by way of the SSC-Prante Order is
ineffective and unenforceable as to SSC and has no impact or effect on the
transaction approved in the SSC-Prante Order. 
Because of Rapid’s failure to comply with the Texas Transfer Statute in
connection with the purported right of first refusal and security interest,
Rapid’s claims relative to the right of first refusal and security interest are
ineffective and unenforceable.  It should
be noted that SSC is not seeking a declaration that the Rapid-Prante Order is
void, ineffective or unenforceable, only that said order and the
transaction approved therein was ineffective to, and did not and does not, vest
in Rapid a security interest in the Periodic Payments transferred and assigned
to SSC in the SSC-Prante Order and also did not create in favor of Rapid any
rights under the purported right of first refusal.

 

The trial court
thereafter granted a temporary restraining order in SSC’s favor.  On September 23, 2005, the trial court
granted a temporary injunction in SSC’s favor. 
On October 6, 2005, Rapid filed its Amended Motion to Stay Litigation
Pending Arbitration, to which SSC responded. 
On December 30, 2005, SSC filed a motion for summary judgment, to
which Rapid responded.  

            The trial court considered Rapid’s
amended motion to stay jointly with SSC’s motion for summary judgment at a
hearing conducted on February 2, 2006. 
Following the hearing, the trial court denied Rapid’s amended motion to
stay and granted SSC’s motion for summary judgment.  The trial court signed a final summary
judgment on March 20, 2006.[3] 
Thereafter, Rapid filed a direct appeal and a parallel mandamus
proceeding complaining of the trial court’s final summary judgment entered in
favor of SSC.  We consolidate the two
proceedings for purposes of this opinion and dispose of them simultaneously. 

 

Availability of Mandamus

            Mandamus
will issue to correct a clear abuse of discretion where there is no adequate
remedy by appeal.  In re Cerberus
Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005); Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  

            We initially consider whether Rapid
had an adequate remedy at law to address the trial court’s final summary
judgment.  An appellate remedy is “adequate”
when any benefits to mandamus review are outweighed by the detriments.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 136 (Tex. 2004).  This
determination depends heavily on the circumstances presented and is better
guided by general principles than by simple rules.  Id. at 137.  The relator has the burden of showing that
the trial court abused its discretion and that appeal is an inadequate
remedy.  See In re E. Tex.
Med. Ctr. Athens, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig.
proceeding).  

            We recognize that a party seeking
relief from an order that amounts to a denial of arbitration sought under the
Federal Arbitration Act (“FAA”)[4] typically has no adequate remedy by
appeal and is entitled to mandamus relief to correct a clear abuse of
discretion.  See Feldman/Matz
Interests, L.L.P. v. Settlement Capital Corp., 140 S.W.3d 879, 883
(Tex. App.–Houston [14th Dist.] 2004, orig. proceeding).  Yet, we cannot overlook the fact that the
trial court signed a final summary judgment in favor of SSC, which Rapid has
appealed to this court.  Thus, even
assuming arguendo that the trial court abused its discretion in denying Rapid’s
motion to stay, any relief we might grant by mandamus would provide no benefit
to Rapid as there are no proceedings currently pending before the trial court
that could be stayed.  

            Moreover, there is likewise no
benefit to mandamus relief with regard to Rapid’s challenge to the trial court’s
final summary judgment.  While appellate
courts, including this one, have granted mandamus relief after final judgment,
the circumstances in such cases were unusual. 
See In re Royce Bane Investments, Inc., No.
12-07-00236-CV, 2008 WL 344422,  at *1
(Tex. App.–Tyler Feb. 8, 2008, orig. proceeding) (mem. op.) (citing Geary
v. Peavy, 878 S.W.2d 602, 603 (Tex. 1994) (mandamus appropriate because
of “unique and compelling circumstances” involving conflicting child custody
orders despite the entry of a final order); In re Home State County Mut.
Ins. Co., No. 12-07-00062-CV, 2007 WL 1617210, at *3–4 (Tex. App.–Tyler
May 16, 2007, orig. proceeding) (mem. op.) (mandamus requiring trial court to
vacate severance order rendered final judgment interlocutory)).  No similar unusual or compelling facts are
presented here.  Thus, since there is no
benefit to the mandamus relief sought by Rapid, we hold that its appellate
remedy is adequate.  See In
re Prudential, 148 S.W.3d at 136. 
We therefore deny Rapid’s petition for writ of mandamus and review the
trial court’s summary judgment by appeal.

 

Standing

            In its fifth subissue on appeal,
Rapid argues that SSC lacks standing to seek a declaratory judgment against
Rapid to determine if the security interest, right of first refusal, and
arbitration provisions of the Rapid-Prante agreement are effective and
enforceable and to enjoin Rapid from pursuing arbitration. 

            Standing is a component of subject
matter jurisdiction and cannot be waived. 
Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 445 (Tex. 1993).  It is a
constitutional prerequisite to maintaining a suit under both federal and Texas
law.  Id. at 444.  Under Texas law, standing limits subject
matter jurisdiction to cases involving a distinct injury to the plaintiff and “a
real controversy between the parties, which ... will be actually determined by
the judicial declaration sought.”  Brown
v. Todd, 53 S.W.3d 297, 305 (Tex. 2001) (quoting Tex. Workers'
Compensation Comm’n v. Garcia, 893 S.W.2d 504, 517–18 (Tex.
1995)).  In reviewing standing on appeal
where the trial court did not dismiss for want of jurisdiction, we construe the
petition in favor of the party whose standing is being challenged, and if
necessary, review the entire record to determine if any evidence supports
standing.  See Texas Air Control
Bd., 852 S.W.2d at 446.

            A declaratory judgment is
appropriate only if a justiciable controversy exists as to the rights and
status of the parties and the controversy will be resolved by the declaration
sought.  Bonham State Bank v.
Beadle, 907 S.W.2d 465, 467 (Tex. 1995).  The Uniform Declaratory Judgment Act (“UDJA”)[5]
is “merely a procedural device for deciding cases already within a court's
jurisdiction rather than a legislative enlargement of a court’s power,
permitting the rendition of advisory opinions.” 
Tex. Ass’n of Bus., 852 S.W.2d at 444. 

Proceeding
to Determine Whether SSC is Bound by Arbitration Agreement

            Although it was not pleaded in SSC’s
petition for declaratory judgment, SSC argued both in its request for
injunctive relief and its motion for summary judgment that Rapid could not
compel SSC to arbitrate the dispute.[6]  Arbitration is a contractual proceeding by
which the parties to a controversy, by consent, submit that controversy to
arbitrators for a determination thereon. 
See In re C.A.K., 155 S.W.3d 554, 559 (Tex. App.–San
Antonio 2004, pet. denied).  The determination
as to whether an arbitration clause is enforceable, even as to a nonsignatory,
is a matter of contractual interpretation. 
Id.[7] 
Thus, Rapid argues that SSC, which has steadfastly argued that it is a
complete stranger to the Rapid-Prante agreement, cannot seek to have the trial
court interpret the arbitration clause that is a part of that agreement.  

            However, Texas Civil Practice and
Remedies Code provides, “If there is a substantial bona fide dispute as to
whether an agreement to arbitrate exists, the court shall try the issue
promptly and summarily.”  Tex. Civ. Prac. & Rem. Code Ann. §
171.023(b) (Vernon 2005).  Section
171.023 further provides that the trial court can either stay the arbitration
or order the parties to arbitrate depending on its findings in such a case.  See id. § 171.023(c).  In the instant case, since SSC argues that
there is not an agreement to arbitrate to which it is bound, we conclude that
it has properly sought relief pursuant to Section 171.023.  Therefore, we hold that SSC has standing to
seek a declaratory judgment pursuant to Section 171.023.

 

Standing
versus Availability of Relief

            We next consider the matters SSC
pleaded in its petition.  Rapid argues
that the issue before the court is a simple breach of contract action by Rapid
Settlements against Prante, which was pending in arbitration, and that SSC, who
was not a party to the contract, has no standing to intervene.  SSC argues that Rapid is attempting to use
its contract with Prante to void the SSC-Prante transaction and substitute
itself for SSC therein.  SSC further
notes that Rapid sent a demand for arbitration to SSC, in which it sought to
void the transaction between SSC and Prante based on the Rapid-Prante agreement
and further claimed that SSC was liable for tortious interference with the
Rapid-Prante contract. 

            The general rule is that only the
parties to a contract have the right to complain of a breach thereof; and if
they are satisfied with the disposition that has been made of it and all claims
under it, a third person has no right to insist that it has been broken.  Grinnell v. Munson, 137 S.W.3d
706, 712 (Tex. App.–San Antonio 2004, no pet.); see also Boy Scouts of
Am. v. Responsive Terminal Sys., Inc., 790 S.W.2d 738, 747 (Tex. App.–Dallas
1990, writ denied) (privity of contract is an essential element of recovery in
contract actions).  An exception to this
rule is that a person who is not in privity to the written agreement may show
that he is eligible to bring an action on the contract as a third party
beneficiary.  Id.  

            In its petition, SSC sought a
declaratory judgment as follows:

                        

SSC seeks a declaratory judgment in this case that the
SSC-Prante Order is effective and enforceable as to all parties,
notwithstanding Rapid’s allegation that the prior Rapid-Prante Order somehow
precluded or prohibited the transaction reflected and approved in the
SSC-Prante Order from having effect.

 

SSC seeks a declaratory judgment that the security
interest/right of first refusal claimed by Rapid relative to the Periodic
Payments transferred and assigned to SSC by way of the SSC-Prante Order is
ineffective and unenforceable as to SSC and has no impact or effect on the
transaction approved in the SSC-Prante Order. 
Because of Rapid’s failure to comply with the Texas Transfer Statute in
connection with the purported right of first refusal and security interest,
Rapid’s claims relative to the right of first refusal and security interest are
ineffective and unenforceable.  It should
be noted that SSC is not seeking a declaration that the Rapid-Prante Order is
void, ineffective, or unenforceable, only that said order and the
transaction approved therein was ineffective to, and did not and does not, vest
in Rapid a security interest in the Periodic Payments transferred and assigned
to SSC in the SSC-Prante Order and also did not create in favor of Rapid any
rights under the purported right of first refusal.

 

            SSC crafted the declaration it
sought in terms of its effect on the SSC-Prante order.  While the Rapid-Prante Order incorporates the
terms of the Rapid-Prante agreement, because SSC did not seek to have the trial
court interpret the contract, its suit is not jurisdictionally barred by the
rules governing contractual standing.

            However, it does not follow that SSC
can necessarily seek a declaration concerning matters unrelated to whether it can
be compelled to arbitrate.[8] 
Declaratory relief may be sought by a person “interested under a deed,
will, written contract, or other writings constituting a contract, or whose
rights, status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise ....”  Tex.
Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon Supp. 2007).  Declaratory relief is not available for the
interpretation of a prior judgment entered by that or any other court.  See Martin v. Dosohs I, Ltd., Inc., 2
S.W.3d 350, 353 (Tex. App.–San Antonio 1999, pet. denied).    Moreover,
collateral attacks[9] may be used only to set aside a judgment that is void
or involves fundamental error.  See
Barton, 156 S.W.3d at 606.  A
judgment is void if it is shown that the court lacked jurisdiction (1) over a
party or the property; (2) over the subject matter; (3) to enter a particular
judgment; or (4) to act as a court.  Id.

            The declaratory judgment SSC seeks
concerns the interpretation of two orders—the Rapid-Prante order and the
SSC-Prante order.  These orders are final
orders required in advance of the transfer of structured settlement payment
rights.  See Tex. Civ. Prac. & Rem. Code Ann. § 141.004
(Vernon 2005).  A final judgment either
(1) finally disposes of all remaining parties and claims based on the record in
the case or (2) unequivocally expresses the trial court’s intent to finally
dispose of the case.  See Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001).  

            In the case at hand, the
Rapid-Prante order states, “This Order finally disposes of all claims and all
parties; all relief not specifically granted herein is DENIED.”  It further states, “This is a Final Judgment.”  The SSC-Prante order contains similar indicia
of finality.  Thus, we conclude that the
Rapid-Prante order and SSC-Prante order are final judgments.  As such, we hold that SSC was not entitled to
seek a declaratory judgment interpreting these prior judgments entered by the
trial court.  See Martin, 2
S.W.3d at 353.  

            The Rapid-Prante order is further
subject to the rules governing collateral attacks.  As set forth above, collateral attacks may only be used to set
aside a judgment that is void or involves fundamental error.  Barton, 156 S.W.3d at 606.  In the instant case, SSC specifically pleaded
that it was not seeking a declaration that the Rapid-Prante order is void,
ineffective, or unenforceable. 
Therefore, we hold that SSC’s lawsuit, to the extent it seeks to obtain
some specific relief that the Rapid-Prante order currently stands as a bar
against, amounts to an impermissible collateral attack. 

            We have held that SSC had standing
to bring the declaratory judgment action. 
However, we have also held that SSC was not entitled to declaratory
relief concerning the effect of the Rapid-Prante and SSC-Prante orders.  Therefore, we overrule Rapid’s fifth subissue
as it pertains to SSC’s standing and sustain it inasmuch as it relates to SSC’s
improperly seeking declaratory relief concerning the effect of the Rapid-Prante
and SSC-Prante orders. 

 

Appeal

            In its sole issue on appeal, Rapid
argues that the trial court erred in granting SSC’s Motion for Summary Judgment
and denying Rapid’s Motion to Stay Litigation Pending Arbitration.  Rapid’s sole issue consists of six subissues.

Applicable
Law

            A trial court's order denying
arbitration, if based upon the Texas Arbitration Act,[10] is subject to
interlocutory appeal.  Id. at
§ 171.098(a); In re Nasr, 50 S.W.3d 23, 25 (Tex. App.–Beaumont
2001, orig. proceeding).  However, relief
from a denial of arbitration sought under the FAA must be pursued by
mandamus.  See EZ Pawn Corp. v.
Mancias, 934 S.W.2d 87, 91 (Tex. 1996). 
Similarly, a trial court’s refusal to stay proceedings under the FAA can
be pursued by mandamus.  See Settlement
Capital Corp., 140 S.W.3d at 888. 
The contractual arbitration clause in the instant case states that the
agreement shall be “governed by and construed and enforced in accordance with
the laws of the State of Texas,” but does not specifically invoke either the
Texas Arbitration Act or the FAA.  The
trial court made no ruling on which Act applies.  However, in its motion to stay litigation and
compel arbitration, Rapid Settlements argued that the matter was governed by
the FAA.

            The FAA governs a written
arbitration clause in a contract “evidencing a transaction involving commerce
....” 9 U.S.C.A. § 2.  This provision
extends to any transaction affecting commerce and is coextensive with the reach
of the Commerce Clause of the United States Constitution.  Allied-Bruce Terminix Co. v. Dobson,
513 U.S. 265, 270–83, 115 S. Ct. 834, 838-44, 130 L. Ed. 2d 753 (1995); see
In re L & L Kempwood  Assocs.,
9 S.W.3d 125, 127 (Tex. 1999).  A
contract “evidenc[es] a transaction involving commerce” if it in fact turns out
to involve interstate commerce.  Allied-Bruce,
513 U.S. at 277–81, 115 S. Ct. at 841–43.

            Because federal law strongly favors
arbitration, a presumption exists in favor of agreements to arbitrate under the
FAA.  See Cantella & Co., Inc.
v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996).  However, a party seeking to compel
arbitration must first establish its right to arbitrate under the FAA.  See Ikon Office Solutions, Inc.
v. Eifert, 2 S.W.3d 688, 696 (Tex. App.–Houston [14th Dist.] 1999, no
pet.).  If it does, and the opposing
party does not defeat that right, the trial court is obliged to compel
arbitration.  See EZ Pawn
Corp., 934 S.W.2d at 91. 

            In the instant case, Rapid
Settlements is a Texas limited partnership with its principal place of business
in Houston, Texas.  Rapid Management
Corporation, the corporate general partner of Rapid Settlements, is a Texas
corporation with its principal place of business in Houston, Texas.  Prante is a Texas resident.  The transfer agreement at issue was executed
in Texas.  Nonetheless, the annuity  that is the subject of the transfer agreement
is paid by MetLife, which has its principal place of business in New York, New
York.  Moreover, Prante became entitled
to the annuity payments at issue in connection with the settlement of a tort
claim he prosecuted in Dawes County, Nebraska. 

            We note that the FAA does not
require a substantial effect on interstate commerce; rather, it requires only
that commerce be involved or affected.  See
Kempwood, 9 S.W.3d at 127. 
Therefore, if some, but not all, aspects of a transaction affect
interstate commerce, the FAA applies.  See
e.g., Palm Harbor Homes, Inc. v. McCoy, 944 S.W.2d 716, 720 (Tex.
App.–Fort Worth 1997, orig. proceeding) (purchase of mobile home manufactured
and delivered in Texas affected interstate commerce where mobile home included
components purchased or manufactured in other states and countries and where Florida
manufacturer operated facilities in other states and was bonded by New York
insurance company).  Thus, since the
source of the annuity payments has its principal place of business outside of
Texas, we conclude that the FAA applies.

Denial of
Amended Motion to Stay

            We first address Rapid’s first and
fourth subissues, which concern whether the trial court erred in denying Rapid’s
Amended Motion to Stay Litigation Pending Arbitration.  Section 3 of the FAA, entitled “Stay of
proceedings where issue therein referable to arbitration,” provides as follows:

 

If any suit or proceeding be brought in any of the
courts of the United States upon any issue referable to arbitration under an
agreement in writing for such arbitration, the court in which such suit is
pending, upon being satisfied that the issue involved in such suit or
proceeding is referable to arbitration under such an agreement, shall on
application of one of the parties stay the trial of the action until such
arbitration has been had in accordance with the terms of the agreement, providing
the applicant for the stay is not in default in proceeding with such
arbitration.

 

9 U.S.C. § 3
(emphasis added).  Under Section 3, the
stay is not dependent on a party’s submission of the dispute to an arbitration
association.  See Settlement
Capital Corp., 140 S.W.3d at 888. 
Thus, the trial court was required to grant Rapid’s motion to stay
litigation if (1) a written arbitration agreement existed and (2) any issue
involved in the litigation was referable to arbitration under the
agreement.  See 9 U.S.C. § 3.

            Under the FAA, state law governs
whether a litigant agreed to arbitrate, and federal law governs the scope of an
arbitration clause.  See In re
Weekley Homes, L.P.,180 S.W.3d 127, 130–31 (Tex. 2005).  Whether an enforceable agreement to arbitrate
exists is a legal question subject to de novo review.  In re Kellogg Brown & Root,
80 S.W.3d 611, 615 (Tex. App.–Houston [1st Dist.] 2002, orig. proceeding).  No particular form of arbitration agreement
is required, as long as it is the parties’ clear intention to submit to
arbitration.  See Wachovia
Securities, LLC v. Emery, 186 S.W.3d 107, 113 (Tex. App.–Houston [1st
Dist.] 2005, orig. proceeding).

            Under both the TAA and the FAA, a
party seeking to compel arbitration has the initial burden to establish the
arbitration agreement’s existence and to show that the claims asserted fall
within the agreement’s scope.  Emery,
186 S.W.3d at 113 (citing In re Kellogg Brown & Root, 80
S.W.3d at 615)).  If the party seeking arbitration
carries its initial burden, the burden then shifts to the party resisting
arbitration to present evidence on its defenses to the arbitration
agreement.  See In re Oakwood
Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999), abrogated in
part on other grounds, In re Halliburton Co., 80 S.W.3d 566, 571–73
(Tex. 2002).  Section 3's mandatory stay
also applies to nonsignatories to an arbitration agreement if (1) the
arbitrated and litigated disputes involve the same operative facts, (2) the
claims asserted in the arbitration and litigation are “inherently inseparable,”
and (3) the litigation has a “critical impact” on the arbitration.  See Waste Mgmt., Inc. v. Residuos
Industriales Multiquim, S.A., 372 F.3d 339, 343 (5th Cir. 2004).  The question is not ultimately one of
weighing potential harm to the interests of the nonsignatory, but of
determining whether proceeding with litigation will destroy the signatories’
right to a meaningful arbitration.  Id.  

            Existence of Arbitration
Agreement

            To support its amended motion to
stay, Rapid relied on the arbitration clause found in the Rapid-Prante
agreement, which provides as follows:

 

                Choice
of Law; Arbitration; Waiver of Jury Trial. 
This Agreement shall be governed by and construed and enforced in accordance
with the laws of the State of Texas.  Any
dispute or disagreement arising under this Agreement of any nature whatsoever
including but not limited to those sounding in constitutional, statutory, or
common law theories as to the performance of any obligations, the satisfaction
of any rights, and/or the enforceability hereof, shall be resolved through
demand by any interested party to arbitrate the dispute and shall submit the
same to a nationally recognized, neutral, arbitration association for resolution
pursuant to its single arbitrator, expedited rules.

 

Though a party
to this litigation, Prante did not dispute that this clause mandates
arbitration as between him and Rapid, nor that he is a signatory to this
contract.  We conclude that Rapid
presented a valid arbitration agreement as between it and Prante. 

            Scope of Arbitration Agreement

            We next consider whether the factors
necessary for invoking a stay as to SSC’s claims—the similarity of operative
facts, the inseparability of claims, and the effect of the litigation on the
arbitration—are present.  The arbitration
clause in the Rapid-Prante agreement requires arbitration of “[a]ny dispute or
disagreement arising under this Agreement of any nature whatsoever including
but not limited to those sounding in constitutional, statutory, or common law
theories as to the performance of any obligations, the satisfaction of any
rights, and/or the enforceability hereof.” 
By its lawsuit, SSC sought a declaratory judgment as follows:

 

SSC seeks a declaratory judgment in this case that the
SSC-Prante order is effective and enforceable as to all parties,
notwithstanding Rapid’s allegation that the prior Rapid-Prante order precluded
or prohibited the transaction reflected and approved in the SSC-Prante order
from having effect.

 

SSC seeks a declaratory judgment that the security
interest/right of first refusal claimed by Rapid relative to the Periodic
Payments transferred and assigned to SSC by way of the SSC-Prante Order is
ineffective and unenforceable as to SSC and has no impact or effect on the
transaction approved in the SSC-Prante Order. 
Because of Rapid’s failure to comply with the Texas Transfer Statute in
connection with the purported right of first refusal and security interest,
Rapid’s claims relative to the right of first refusal and security interest are
ineffective and unenforceable.  It should
be noted that SSC is not seeking a declaration that the Rapid-Prante Order is
void, ineffective or unenforceable, only that said order and the
transaction approved therein was ineffective to, and did not and does not, vest
in Rapid a security interest in the Periodic Payments transferred and assigned
to SSC in the SSC-Prante Order and also did not create in favor of Rapid any
rights under the purported right of first refusal.

 

For the trial
court to grant the declaratory relief sought by SSC, it necessarily had to
determine whether the Rapid-Prante agreement in fact granted Rapid a right of
first refusal and a security interest. 
Thus, the facts to be arbitrated are the very basis for the  determination SSC sought in its lawsuit.  These facts are likewise crucial to both the
determination sought by SSC from the trial court and by Rapid through arbitration.  The claims asserted by Rapid and SSC are,
therefore, inherently inseparable from one another.  Finally, because Rapid and SSC’s respective
issues are inseparable, the trial court’s ruling on the issues brought by SSC
does not merely create the risk of inconsistent results, but, in fact,
usurped  Rapid and Prante’s right to a
meaningful arbitration by deciding issues subject to arbitration in its final
summary judgment.  Considering these
factors, we hold that the trial court erred in denying Rapid’s amended motion
to stay.  We sustain Rapid’s first
subissue and sustain Rapid’s fourth subissue in part,[11] both of which
pertain to the trial court’s denial of its Amended Motion to Stay Litigation
Pending Arbitration.

Summary
Judgment

            We review the trial court’s order
granting summary judgment de novo.  See
Tittizer v. Union Gas Corp., 171 S.W.3d 857, 860 (Tex. 2005).  A party moving for summary judgment has the
burden of showing no genuine issue of material fact exists and that it is
entitled to judgment as a matter of law. 
See Tex.R. Civ. P.
166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985); see also Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215
(Tex. 2002) (a movant who conclusively negates at least one essential element
of a cause of action is entitled to summary judgment on that claim).  In deciding whether a disputed material fact
issue exists, precluding summary judgment, evidence favorable to the nonmovant
will be taken as true.  Nixon,
690 S.W.2d at 548–49.  Every reasonable
inference must be indulged in favor of the nonmovant and any doubts resolved in
its favor.  Id.  Evidence is conclusive so as to negate an
essential element of a cause of action only if reasonable people could not
differ in their conclusions.  See City
of Keller v. Wilson,  168 S.W.3d
802, 816 (Tex. 2005).

            Right of First Refusal and
Security Interest Clauses of Rapid-Prante Order

            In its second subissue, Rapid argues
that the trial court erred in entering a declaratory judgment that its right of
first refusal and security interest clauses are unenforceable.  As set forth above, we hold that such
declaratory relief sought by SSC is improper. 
As such, SSC was not entitled to judgment as a matter of law.  See Tex.R.
Civ. P. 166a(c); Nixon, 690 S.W.2d at 548.  Therefore, we hold that the trial court erred
in granting a declaratory summary judgment interpreting Rapid’s purported right
of first refusal and security interest under the Rapid-Prante order.  Rapid’s second subissue is sustained.

            Attorney’s Fees

            In its sixth subissue, Rapid argues
that the trial court erred in granting attorney’s fees in favor of SSC.  Specifically, Rapid contends that there is no
evidence to support such an award since SSC has conceded that it sought
attorney’s fees because Rapid enforced its own contract with Prante.  Rapid elaborates on its position, arguing
that since SSC’s contract with Prante also contains a right of first refusal
and security interest provisions, SSC has admitted that it is not just and
equitable to award it attorney’s fees.

            A person whose rights, status, or
other legal relations are affected by a contract may have determined any
question of construction or validity arising under the contract and obtain a
declaration of rights, status, or other legal relations thereunder.  See Tex.
Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon Supp. 2007).  In a proceeding under the UDJA, the court may
award costs and reasonable and necessary attorney’s fees as are equitable and
just.  See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997).

            In the case at hand, the only
question properly before the trial court on summary judgment was whether SSC
could be bound to arbitrate pursuant to the terms of the arbitration clause of
the Rapid-Prante agreement.  See Tex. Civ. Prac. & Rem. Code Ann. §
171.023.  Therefore, since this issue
concerned SSC’s rights as affected by the arbitration clause in the
Rapid-Prante agreement and a determination as to whether the Rapid-Prante
agreement could be construed so as to require SSC to participate in
arbitration, we hold that the UDJA is an appropriate vehicle for consideration
of the issue.  See Tex. Civ. Prac. & Rem. Code Ann. §
37.004(a).

            We next consider Rapid’s contention
that there is no evidence to support the award of attorney’s fees.  The UDJA entrusts attorney’s fee awards to
the trial court’s sound discretion subject to the requirements that any fees
awarded be reasonable and necessary, which are matters of fact, and to the
additional requirements that the fees be equitable and just, which are matters
of law.  See Bocquet v. Herring,
972 S.W.2d 19, 21 (Tex. 1998).  Rapid has
limited its argument on appeal to the lack of evidence underlying the legal
question concerning whether the attorney’s fees awarded were equitable and
just.       

            In its motion for summary judgment,
SSC argued as follows:

 

The Texas Declaratory Judgment Statute allows a party
to recover costs and reasonable and necessary attorney’s fees as are equitable
and just. [citation omitted]....  [A]s a
result of the Rapid Defendants’ actions in pursuing an improper arbitration
against Stone Street, Plaintiffs were forced to incur a great deal of attorney’s
fees in pursuing and securing a temporary restraining order and temporary
injunction against the Rapid Defendants.

 

Stone Street/SSC maintains that part of the motive
underlying the Rapid Defendants’ conduct is to simply harass Stone Street/SSC,
drive up the costs of doing business, and possibly snag a transaction to which
Rapid has no right.  In light of the
Rapid Defendants’ conduct and actions in this case, ... it is equitable and
just for the Court to award Plaintiffs’ reasonable and necessary attorney’s
fees and court costs.

 

SSC then
presented its argument that its attorney’s fees were reasonable and necessary,
the sole support for which was the affidavit of Earl S. Nesbitt, SSC’s
attorney.  In his affidavit, Nesbitt
details his involvement in the litigation of the case, describing acts he
performed and pleadings he prepared on SSC’s behalf.  Nesbitt further chronicles the time he spent
on the case and the fee he charges for his services.  Elsewhere in its motion for summary judgment,
SSC argued that Rapid improperly sought to involve SSC in arbitration
proceedings pursuant to the Rapid-Prante agreement.  In support of its contention, SSC directed
the court to a copy of the Rapid-Prante agreement, which was part of the
summary judgment record.  The remainder of
the summary judgment evidence provides further support for the trial court’s
legal conclusion to the extent that it indicates that Rapid sought to
improperly involve SSC in its arbitration with Prante.

            Having reviewed the summary judgment
evidence, we conclude that there is undisputed evidence supporting the element
that the trial court’s award of attorney’s fees was equitable and just so as to
entitle SSC to judgment as a matter of law. 
Therefore, we hold that the trial court’s award of attorney’s fees to
SSC was proper.  Rapid’s sixth subissue
is overruled.

Permanent
Injunction

            In its third subissue, Rapid argues
that the trial court erred in granting a permanent injunction  in favor of SSC.  Specifically, the trial court’s final summary
judgment stated as follows:

 

IT IS FURTHER ORDERED, ADJUDGED, DECREED, AND DECLARED
that Plaintiffs SSC and Stone Street are not required to arbitrate any dispute
with the Rapid Defendants relating to or regarding any of the Disputed Matters
and the Rapid Defendants are enjoined from filing, pursuing[,] or proceeding
with any arbitration proceeding involving Plaintiffs relating to any of the
Disputed Matters.[12]

 

            In our review of a trial court’s
order granting a permanent injunction, we review all the evidence to determine
whether the trial court’s ruling was correct. 
See Brown v. Carroll, 683 S.W.2d 61, 62 (Tex. App.–Tyler
1984, no writ).  The purpose of a permanent
injunction is to grant the injunctive relief to which the applicant is entitled
as part of the final judgment after a trial on the merits.  See NMTC Corp. v. Conarroe, 99
S.W.3d 865, 868 (Tex. App.–Beaumont 2003, no pet.).

            Rapid argues that the permanent
injunction prevents it from arbitrating with Prante.  Based on our reading of the trial court’s
judgment, we do not agree that the trial court enjoined Rapid from arbitrating
with Prante pursuant to the arbitration clause in the Rapid-Prante agreement.

            Compelling SSC to Arbitrate[13]

            As set forth above, although it was
not pleaded in SSC’s petition for declaratory judgment, SSC argued in its
request for injunctive relief and motion for summary judgment that Rapid could
not compel SSC to arbitrate the dispute.[14]  Under the FAA, state law governs whether a
litigant agreed to arbitrate.  See In
re Weekley Homes, L.P., 180 S.W.3d at 130–31.  There are six recognized theories arising out
of common principles of contract and agency law that may bind nonsignatories to
arbitration agreements:  (1)
incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5)
equitable estoppel, and (6) third party beneficiary.  See In re Kellogg Brown & Root,
Inc., 166 S.W.3d at 739.  Rapid
argues that even though SSC is not a signatory to the Rapid-Prante agreement,
it can nonetheless be compelled to arbitrate under the doctrine of direct
benefits estoppel. 

            Direct benefits estoppel is a type
of equitable estoppel that federal courts apply in the arbitration
context.  Id. (citing Bridas
S.A.P.I.C. v. Gov’t of Turkm., 345 F.3d 347, 361–62 (5th Cir.
2003)).  Under direct benefits estoppel,
a nonsignatory plaintiff seeking the benefits of a contract is estopped from
simultaneously attempting to avoid the contract's burdens, such as the
obligation to arbitrate disputes.  See
In re Kellogg Brown & Root, Inc., 166 S.W.3d at 739.  The doctrine recognizes that a party may be
estopped from asserting that the lack of his signature precludes enforcement of
the contract's arbitration clause when he has consistently maintained that
other provisions of the same contract should be enforced to benefit him.  See Int'l Paper Co. v. Schwabedissen
Maschinen & Anlagen, 206 F.3d 411, 416 (4th Cir. 2000).  Thus, a nonsignatory plaintiff may be
compelled to arbitrate if it seeks to enforce terms of a contract containing an
arbitration provision.  See In re
Kellogg Brown & Root, Inc., 166 S.W.3d at 739.  For example, if a nonsignatory's breach of
warranty and breach of contract claims are based on certain terms of a written
contract, then the nonsignatory cannot avoid an arbitration provision within that
contract.  Id.  If, however, a nonsignatory’s claims
can stand independently of the underlying contract, then arbitration generally
should not be compelled under this theory. 
Id. at 739–40.

            Consistent with the federal doctrine
of “direct benefits estoppel,” the Texas Supreme Court has held that a
nonsignatory plaintiff may be compelled to arbitrate if its claims are “based
on a contract” containing an agreement to arbitrate.  Id. at 740; In re
FirstMerit Bank, 52 S.W.3d 749, 
755 (Tex. 2001).  In In re
FirstMerit Bank, the nonsignatory plaintiffs sued the signatory
defendant for, among other things, breach of contract, revocation of
acceptance, and breach of warranty.  Id.
at 752–53, 755.  By bringing the breach
of contract and breach of warranty claims, the plaintiffs sought benefits that
stemmed directly from the contract’s terms. 
The supreme court concluded that, by seeking to enforce the contract,
the nonsignatory plaintiffs “subjected themselves to the contract’s terms,
including the Arbitration Addendum.”  Id.
at 756.

            In the case at hand, SSC, by its
claims, did not seek to benefit from the Rapid-Prante agreement.  To the contrary, SSC sought a declaration
that it was not bound by the arbitration provision in the Rapid-Prante agreement.  Therefore, we hold that SSC cannot be
compelled to arbitrate under the doctrine of direct benefits estoppel.   

            Rapid further argues that SSC should
be compelled to arbitrate because it “willfully and intentionally interfered
with the contract” between Rapid and Prante 
and “unfairly competed” with Rapid “for the purpose of obtaining of the
benefit of the transfer with Prante.” 
However, such a scenario proposed by Rapid for compelling arbitration
amounts to the reverse of traditional direct benefits estoppel, or rather, an “indirect
benefits estoppel.”  Rapid has not cited
authority for such a doctrine nor are we aware of any such authority.  We therefore decline to create such a
doctrine.

            Enjoining Arbitration
Generally

            Rapid further argues that injunctive
relief is “grossly inappropriate and not allowed with respect to arbitration
agreements.”  In support of its argument,
Rapid cites  Settlement Capital
Corp., 140 S.W.3d at 885–86.  In
that case, the court of appeals held that injunctive relief was improper as it “would
require the court to consider the merits of the underlying dispute, which would
interfere with the arbitrator’s independent determination of the issues and
frustrate the strong federal policy in favor of speedy implementation of
arbitration without delay and obstruction in the courts.”  Id. at 887 (citing Merrill
Lynch, Pierce, Fenner & Smith v. McCollum, 666 S.W.2d 604, 608–09
(Tex. App.–Houston [14th Dist.] 1984, writ ref’d n.r.e.)).  The remaining issue in the case at hand,
i.e.,  whether Rapid can be enjoined from
compelling SSC to arbitrate under the Rapid-Prante agreement, is not an issue
to be determined by the arbitrator.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 171.023(b).[15] 
Moreover, the remedy set forth in Section 171.023 where the trial court
finds for the party challenging the existence of an agreement to arbitrate is
to stay the arbitration.  See Tex. Civ. Prac. & Rem. Code Ann. §
171.023(c) (Vernon 2005).  A “stay” is a
kind of injunction with which a court freezes proceedings.  See Black’s
Law Dictionary 1413 (6th ed. 1990). 
As there was no determination by the trial court concerning the enforceability
of the arbitration agreement as between Rapid and Prante, a stay of the
entirety of the arbitration proceedings would not have been an appropriate
remedy.  Thus, we hold that the trial
court’s order enjoining Rapid from arbitrating with SSC concerning matters
pertaining to the Rapid-Prante agreement was an available and appropriate
remedy.  Rapid’s third subissue and the
remainder of its fourth subissue are overruled. 

 

Conclusion

            Having determined that Rapid’s
appellate remedy was adequate, we  deny
Rapid’s petition for writ of mandamus. 
Having sustained Rapid’s first subissue and a portion of its fourth
subissue, we vacate the trial court’s order denying Rapid’s
Amended Motion to Stay Litigation Pending Arbitration.  Having sustained Rapid’s second subissue, we reverse the
trial court’s judgment insofar  as it
declares that Rapid did not acquire a security interest in any of the periodic
payments that are the subject of the SSC-Prante order, that Rapid does not have
a right of first refusal in in any of the periodic payments that are the
subject of the SSC-Prante order, and that MetLife and MetLife Security shall
comply with the SSC-Prante Order without liability to Rapid, and render
judgment that SSC take nothing on its claims for declaratory relief relating to
those matters.  In all other 

 

 

respects, the
judgment of the trial court is affirmed.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered
February 21, 2008.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The trial court’s final summary judgment includes an order granting
permanent injunctive relief against Rapid as well as its order denying Rapid’s
amended motion to stay litigation pending arbitration.





[2] See Tex. Civ. Prac. & Rem. Code Ann. § 141.004 (Vernon 2005).  The trial court’s order approving the
Rapid-Prante transfer made no reference to the provision regarding Rapid’s right
of first refusal as to future payments or an agreement that Rapid have a
security interest in such payments. 
However, the Rapid-Prante agreement containing such provisions was
attached to and incorporated within the Application for Approval of a Transfer
of Structured Settlement Payment Rights filed in the trial court.





[3] See n. 1.





[4] As set forth in greater detail herein, we have determined that the FAA
applies in the instant case.





[5] See generally,
Tex. Civ. Prac. & Rem. Code Ann. §
37.001–.011 (Vernon 1997 & Supp. 2007).





[6] In its response to SSC’s motion for summary judgment, Rapid made no
objection to SSC’s raising this argument.





[7] See also, e.g., Cappadonna Elec. Mgmt. v. Cameron
County, 180 S.W.3d 364, 370 (Tex.
App.–Corpus Christi 2005, no pet.) (noting that there are six recognized
theories that may be used to bind nonsignatories to arbitration
agreements:  (1) incorporation by
reference, (2) assumption, (3) agency, (4) alter ego, (5) equitable estoppel,
and (6) third-party beneficiary) (citing In re Kellogg, Brown & Root,
166 S.W.3d 732, 739 (Tex. 2005)).  





[8]See Tex. R.
App. P. 38.1(e) (The statement of an issue or point will be treated as covering
every subsidiary question that is fairly included.).





[9]A collateral attack is any proceeding to avoid the effect of a judgment
that does not meet all the requirements of a valid direct attack, i.e., a
motion for new trial or a bill of review.   
See Shackelford v. Barton, 156 S.W.3d 604, 606
(Tex. App.–Tyler 2004, pet. denied).  It
is an attempt to avoid the binding force of a judgment in a proceeding not
instituted for the purpose of correcting, modifying, or vacating the judgment,
but in order to obtain some specific relief that the judgment currently stands
as a bar against.  See Browning v.
Prostok, 165 S.W.3d 336, 346 (Tex. 2005).





[10] See Tex.
Civ. Prac. & Rem. Code Ann. §§ 171.001–171.098 (Vernon 2005).





[11] We consider the remaining portion of Rapid’s fourth
subissue, which pertains to whether SSC should be compelled to arbitrate, in
conjunction with our consideration of Rapid’s third subissue.





[12] In its final summary judgment, the trial court found
that “SSC and Stone Street are not required to arbitrate any claim, demand,
issue, or dispute raised, made, or asserted by the Rapid Defendants relative to
the matters in dispute in this case including any claim, matter, or dispute
relative to the January 2005 Rapid-Prante Order; the Rapid-Prante Case; the
transaction by and between the Rapid Defendants and Prante which is the subject
of the Rapid-Prante Case, the SSC Assigned Payments; the SSC-Prante Order; the
SSC-Prante Case; or the transaction which is the subject of the SSC-Prante Case
(hereinafter the ‘Disputed Matters’).”





[13]With
regard to MetLife and Metlife Security, the trial court’s final summary
judgment further stated as follows:

 

                        IT IS FURTHER ORDERED AND DECLARED that MetLife and
MetLife Security are not required to            arbitrate
any dispute with the Rapid Defendants relating to any of the Disputed Matters.

 

Rapid
has made no argument on appeal that the trial court’s order that “MetLife and
Metlife Security are not required to arbitrate any dispute with the Rapid
Defendants relating to any of the Disputed Matters” is erroneous.  See Tex.
R. App. P. 38.1(h).





[14] Rapid raised this issue in conjunction with a portion
of its fourth subissue, which concerns whether the trial court erred in
refusing to stay proceedings as to SSC. 
We have considered these issues in concert as they pertain to Rapid’s
subissue concerning the trial court’s grant of permanent injunctive relief.





[15] Rapid further contends that enforcement of the
arbitration agreement as to SSC is a matter to be determined by the arbitrator
pursuant to the terms of the arbitration agreement.  However, we do not reach the issue of whether
a provision in an arbitration contract can preclude a proceeding under Section
171.023 as we have held above that SSC is not bound by the arbitration
agreement between Rapid and Prante.