In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-453 CV


NO. 09-03-469 CV


____________________



YANDELL ROGERS, III and RLS LEGAL SOLUTIONS, L.L.C., Appellants



V.



AMY COBB MAIDA, Appellee



and



IN RE RLS LEGAL SOLUTIONS, LLC, and YANDELL ROGERS, III






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-167,360


and


Original Proceeding






O P I N I O N


 RLS Legal Solutions, LLC., and Yandell Rogers, III (RLS/Rogers) filed a petition
for writ of mandamus (No. 09-03-469-CV) and an interlocutory appeal (No. 09-03-453-CV), both of which arise from an order entered by the 172nd District Court. In an order
signed September 5, 2003, Judge Floyd denied RLS/Rogers' motion to compel arbitration. 

 An order denying arbitration under the Texas General Arbitration Act is challenged
by interlocutory appeal, but an order denying arbitration under the Federal Arbitration Act
must be contested by mandamus. See Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266,
272 (Tex. 1992); Tex. Civ. Prac. & Rem. Code Ann. §§171.001-.098 (Vernon 1997 and
Supp. 2004) (the Texas Act); and 9 U.S.C. §§ 1-16 (1999) (the Federal Act). RLS/Rogers
contends, and Maida agrees, the Federal Act applies in this case. As both sides agree the
Texas Act does not apply to the instant cause, the interlocutory appeal (No. 09-03-453) is
dismissed for want of jurisdiction.

 Before us, therefore, is only the petition for writ of mandamus (No. 09-03-469).
RLS/Rogers presents three issues. (1) In its first issue, RLS/Rogers contends the lower court
erred in denying arbitration because there was no basis to find the 1999 Arbitration
Agreement or the December 2001 Employment Agreement invalid. We first note the trial
court did not reveal its reasoning for denying the motion to compel arbitration.

 The agreement executed in December 2001 provides:

 10. Entire Agreement. Employee and the Company hereby agree that
this Agreement constitutes the entire agreement between the parties with
respect to Employee's employment with the Company. . . .


Moreover, the Employment Agreement contains a detailed arbitration provision
encompassing all aspects of the 1999 Arbitration Agreement and increases the fee paid by
the employee if the employee initiates the arbitration. RLS/Rogers neglects to mention
paragraph ten of the contract and therefore offers no explanation as to why this court
should render it meaningless. RLS/Rogers created the Employment Contract and chose
to expressly make it the "entire agreement between the parties," not only in December
2001, but previously in February 2001 and August 2000. For that reason, the trial court
did not err in refusing to compel arbitration under the 1999 Arbitration Agreement.

 RLS/Rogers next contends there was no basis for the trial court to find the
December 2001 agreement invalid. Again, we note that there is no record the trial court
made this finding. Maida's affidavit avers she wanted the arbitration clause removed from
the new employment agreement and had meetings with management over her refusal to
agree to it. Maida swears that after she refused to agree to arbitration, she was told she
would not be paid until she signed the agreement. Maida continued to refuse to sign the
agreement and as a result, the company withheld her paycheck as threatened, for work
already performed. When Maida questioned why she had not been paid as she had been
for the past three years, she was told her paycheck would be held until she signed the
arbitration agreement. According to Maida, RLS/Rogers not only threatened to do that
which they had no legal right to do, see In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758
(Tex. 2001), they actually did it. This constitutes some evidence the agreement was
procured by duress. See In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex.
1999).

 RLS/Rogers further argues that the prior employment contracts, executed in
February 2001, August 2000, and September 1998, require Maida to arbitrate her claims,
even if the entire December 2001 agreement is invalid. RLS/Rogers offers no authority
for this position. The December 2001 agreement contains a severability clause:

 13. Severability. If any provision of this Agreement is held to be
illegal, invalid or unenforceable under present or future laws effective during
the term of this Agreement, such provision shall be fully severable; this
Agreement shall be construed and enforced as if such illegal, invalid or
unenforceable provision had never comprised a part hereof; and the
remaining provisions of this Agreement shall remain in full force and effect
and shall not be affected by the illegal, invalid or unenforceable provision or
by its severance therefrom. . . .


RLS/Rogers cites no basis for this court to disregard the express terms of the December
2001 agreement providing not only that the arbitration clause is severable from the
agreement, but that the December 2001 agreement constitutes "the entire agreement"
between the parties, as noted above. Based on the record currently before us, we are not
persuaded the trial court erred in refusing to compel arbitration under the prior
agreements. Issue one is overruled.

 In its next issue, RLS/Rogers claims the trial court erred in not conducting an
evidentiary hearing. The Texas Supreme Court has held that "if the material facts
necessary to determine the issue are controverted, by an opposing affidavit or otherwise
admissible evidence, the trial court must conduct an evidentiary hearing to determine the
disputed material facts." Jack B. Anglin Co., Inc., 842 S.W.2d at 269. See also In re
Whitfield, 115 S.W.3d 753, 755 (Tex. App.--Beaumont 2003, orig. proceeding). 
RLS/Rogers asserts it disputed material facts with the affidavit of Richard Saldivar.

 The trial court struck Saldivar's affidavit stating: "the Movants set this hearing on
their Motion to Compel Arbitration on September 2, 2003, without any controverting
affidavits on file, and the controverting Affidavit of Richard Saldivar, which was first filed
in this case on September 5, 2003, at 1:08 p.m., some 22 minutes before the start of the
hearing set by the Movants, is hereby STRUCK from the record and is not to be
considered by this Court. . .." RLS/Rogers argues the trial court erred in striking the
affidavit.

 Maida concedes "the time period for filing controverting evidence is not fixed. . .."
and cites no authority permitting the trial court's action. Rather, Maida contends
RLS/Rogers waived its right to an evidentiary hearing and to complain of the affidavit
being stricken by failing to request a continuance and by proceeding with the scheduled
hearing. We are aware of no authority, and neither party cites any, governing this issue. 
What we are aware of is the Texas Supreme Court's decision that "the trial court must
conduct an evidentiary hearing." Jack B. Anglin Co., 842 S.W.2d at 269. To date, we
are aware of no exceptions. We are mindful of the trial court's authority to control its
docket and attempt to foreclose such maneuvers. Clearly, the trial court could have reset
the hearing to allow opposing counsel to prepare for the evidentiary hearing which
RLS/Rogers sprang on them. Nevertheless, in the absence of any requirements that the
controverting evidence must be timely filed, we find the trial court erred in striking
Saldivar's affidavit and in failing to conduct an evidentiary hearing. Issue two is sustained.

 RLS/Rogers also argues the trial court abused its discretion in overruling its
objections to Maida's affidavit. RLS/Rogers fails to provide any references to the record
wherein this objection was presented to the trial court. RLS/Rogers further fails to cite
to the record where the trial court ruled upon its objection. See Tex. R. App. P. 33.1, and
38.1(h). RLS/Rogers' proposes the trial court overruled its objection by implication in
denying the motion to compel arbitration and in striking Saldivar's affidavit but provides
no reasoning or authority for such a presumption. Our review of the record reveals the
response filed September 5, right before the hearing, contains a single hearsay objection
to various statements in Maida's affidavit. RLS/Rogers provides no authority these
statements are hearsay. See Tex. R. Evid. 801(e)(2). Accordingly, nothing is presented
for our review. See Tex. R. App. P. 33.1; see also Tex. R. App. P. 38.1(h). Issue three
is overruled.

 For the reasons stated under issue two, the petition for writ of mandamus is
conditionally granted and the trial court instructed to conduct an evidentiary hearing
consistent with this opinion. See Jack B. Anglin Co., 842 S.W.2d at 269. The writ will
not issue unless the trial court fails to comply with this opinion.



 _____________________

 DON BURGESS

 Justice


No. 09-03-469 CV submitted on October 27, 2003

No. 09-03-453 CV submitted on December 23, 2003

Opinion Delivered January 22, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. We identified these issues from RLS/Rogers' argument (as D, E and F) rather than
its list of "Issues Presented" as the arguments do not square with the list.