MEMORANDUM OPINION
 
 
No. 04-05-00203-CV
 
IN RE KAUFMAN AND BROAD MORTGAGE COMPANY 
and San Antonio Title Company
Original Mandamus Proceeding



 
PER CURIAM
 
Sitting:            Catherine Stone, Justice
Sarah B. Duncan, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   May 25, 2005
 
PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED          
            The real parties in interest, Froswa and Beverly Johnson, purchased a home from KB Home
Lone Star, L.P. (“KB Home”). The purchase agreement contains an arbitration clause, stating the
agreement to arbitrate is subject to the Federal Arbitration Act. The purchase of the home was
financed through Kaufman and Broad Mortgage Company (“K&B”), and San Antonio Title
Company (“the title company”) served as the title company (K&B and the title company, collectively
referred to as “relators”). Relators assert KB Home, K&B, and the title company (collectively, “the
defendants”) are affiliated companies. However, neither K&B nor the title company are signatories
to the arbitration agreement. After the Johnsons filed suit, KB Home, K&B, and the title company
moved to compel arbitration. The Johnsons responded to the motion, asserting (1) the arbitration
agreement was illegal, void and unenforceable;


 (2) K&B and the title company are not entitled to
compel arbitration because there was no evidence the defendants are affiliates;


 and (3) equitable
estoppel does not apply because the Johnsons do not rely on the purchase agreement to assert their
claims and “the factual allegations underlying each cause of action to each Defendant is different.”
            The trial court granted the motion as to KB Home, but denied the motion as to K&B and the
title company. K&B and the title company filed a petition for writ of mandamus, asking this court
to direct the trial court to vacate its order and enter an order compelling the Johnsons to arbitrate
their claims against relators.
ANALYSIS 
            A party seeking to compel arbitration must establish the existence of a valid, enforceable
arbitration agreement and that the asserted claims fall within the agreement’s scope. In re Oakwood
Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding); In re Merrill Lynch Trust
Co., 123 S.W.3d 549, 554 (Tex. App.—San Antonio 2003, orig. proceeding). Once the existence
of an arbitration agreement has been established, a presumption attaches favoring arbitration. In re
Merrill Lynch Trust Co., 123 S.W.3d at 554. The burden then shifts to the opposing party to present
evidence that the agreement was procured in an unconscionable manner or induced or procured by
fraud or duress; that the other party has waived its right to compel arbitration under the agreement;
or that the dispute falls outside the scope of the agreement. In re Oakwood Mobile Homes, 987
S.W.2d at 573; In re Merrill Lynch Trust Co., 123 S.W.3d at 554. 
            The burden of establishing the existence of a valid and enforceable arbitration agreement
includes proving that the party seeking to compel arbitration was a party to the agreement or had the
right to enforce the agreement to arbitrate. In re Merrill Lynch Trust Co., 123 S.W.3d at 554. A
party that is not a signatory to an arbitration agreement may enforce the agreement’s provisions if
the non-signatory falls into an exception, recognized under general equitable or contract law, that
allows for such enforcement. Id. at 554-55. Here, the only arbitration agreement is that contained
in the purchase agreement. While the Johnsons and KB Home are signatories to that agreement,
relators are not. Relators assert they are entitled to compel arbitration under the purchase agreement
based on the doctrine of equitable estoppel.
            Under the doctrine of equitable estoppel, a non-signatory may compel arbitration in two
circumstances. Id. at 555 (citing Grigson v. Creative Artists Agency, L.L.C., 210 F.3d 524, 527-28
(5th Cir. 2000)). First, the doctrine applies when the signatory to a written agreement containing an
arbitration clause must rely on the terms of the written agreement in asserting its claims against the
non-signatory. Id. When each of a signatory’s claims against a non-signatory makes reference to
or presumes the existence of the written agreement, the signatory’s claims arise out of and relate
directly to the written agreement, and arbitration is appropriate. Id. Second, the doctrine applies
when a signatory to a contract with an arbitration clause raises claims “of substantially
interdependent and concerted misconduct” by both a signatory to the contract and non-signatories
to the contract. Id. Whether to utilize equitable estoppel is within a court’s discretion. Id.
            Here, relators assert the Johnsons’ claims against all the defendants are interdependent
because the claims arise out of the same operative facts, the Johnsons do not distinguish between the
defendants in their petition, and the causes of action asserted against the defendants are the same. 
In response to relators’ petition, the Johnsons contend their common law fraud and non-disclosure
claims are based on duties owed by and misrepresentations made by relators that are not dependant
on their claims against KB Home. 
            In their petition, the Johnsons alleged the defendants provided “extensive documentation
showing their monthly payment, which included money to be escrowed for taxes.” The Johnsons
alleged they relied to their detriment on these representations and “were induced to complete the
contract for sale.” According to the Johnsons, the defendants “grossly misrepresented the amount
of taxes for the property at the time of sale, . . . [and the defendants] made this gross
misrepresentation with actual knowledge of its falsity at the time of sale.” The Johnsons contend
the defendants’ failure to disclose the true tax obligation resulted in an insufficient escrow amount
and possible foreclosure of their home.
            Based on these factual allegations, the Johnsons asserted causes of action for fraud and
Deceptive Trade Practices Act violations. Under their fraud claims, the Johnsons alleged the
defendants “intentionally withheld from Plaintiffs the true tax obligation of the property purchased
by Plaintiffs . . . [and] . . . Defendants intentionally withheld the true tax consequences from
Plaintiffs in an attempt to induce Plaintiffs into purchasing the residence.” The Johnsons alleged the
“Defendants knew of the falsity of the misrepresentation when they made it to Plaintiffs during the
sale and at closing.” The Johnsons also alleged the “Defendants made guarantees, promises and
contentions that the home they were selling to the Plaintiffs was affordable and had a sustainable tax
obligation.” Under their Deceptive Trade Practices Act claims, the Johnsons alleged the defendants
“breached express and implied warranties with regard to their service and work,” and made
representations regarding the tax obligation . . . that were false, misleading, or deceptive.”
            At the hearing on the motion to compel arbitration, the Johnsons’ attorney admitted, “This
[lawsuit] isn’t about any defect in the construction of the home.” Counsel asserted each of the
defendants owed duties to the Johnsons; however, he did not elaborate on his argument that the
various causes of actions were not interrelated. In fact, counsel stated, “I don’t want to tell you that
I’m not alleging a conspiratorial-type conduct among the three because I am . . . . ” 
            In their pleadings, the Johnsons assert the same causes of action against all defendants and
the same acts or omissions are alleged against all defendants collectively. “Where the causes of
action against the non-signatory defendants are based upon the same operative facts and are
inherently inseparable from the causes of action against the signatory-defendant, the
signatory-plaintiff may not avoid arbitration if invoked by the non-signatory defendants.” Brown
v. Anderson, 102 S.W.3d 245, 250 (Tex. App.—Beaumont 2003, pet. denied). Accordingly, the
Johnsons have raised claims “of substantially interdependent and concerted misconduct.” Therefore,
K&B and the title company have the right to compel arbitration under the purchase agreement.
            For these reasons, the trial court erred in denying relators’ motion to compel arbitration. 
Therefore, the writ is CONDITIONALLY GRANTED. Tex. R. App. P. 52.8(c). The judge of the
408th District Court is ORDERED to withdraw the February 22, 2005 Order denying relators’ First
Amended Motion to Stay Plaintiffs’ Claims and to Compel Binding Arbitration. If the court does
not do so within ten days of this order, we will issue the writ.
 
PER CURIAM