ACCEPTED
13-15-00163-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/21/2015 4:58:03 PM
DORIAN RAMIREZ
CLERK

## CASE NO. 13-15-00163-CV

## 13TH COURT OF APPEALS
## CORPUS CHRISTI – EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

5/21/2015 4:58:03 PM

DORIAN E. RAMIREZ
Clerk

## HUDSON INSURANCE COMPANY

### v.

## BVB PARTNERS

## TRIAL COURT CASE NO. CL-14-3125-D
## COUNTY COURT AT LAW NO. 4 - HIDALGO COUNTY, TEXAS

## BRIEF OF APPELLEE BVB PARTNERS

**APPELLEE REQUESTS ORAL ARGUMENT**

**David E. Wood**
**SBN 21887100**
**1317 E. Quebec Ave.**
**McAllen, TX 78503**
**956-458-2052**
**956-581-4457 (fax)**
**e-mail: wood_candace@yahoo.com**
**Attorney for Appellee BVB Partners**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES                                    2

STATEMENT OF THE CASE                                   3

STATEMENT REGARDING ORAL ARGUMENT                       3

STATEMENT OF FACTS                                      3

SUMMARY OF THE ARGUMENT                                 6

ARGUMENT                                                7

PRAYER                                                  15

CERTIFICATE OF COMPLIANCE                               16

CERTIFICATE OF SERVICE                                  16

# INDEX OF AUTHORITIES

*Black v. Dallas Cty. Child Welfare Unit,*
835 S.W.2d 626, 630 n. 10 (Tex. 1992)…………………………… 8

*FD Frontier Drilling (Cypress) Ltd. v. Didmon,*
438 S.W.3d 688, 692-693 (Tex. App. - Houston - 1st Dist. 2014,
pet. denied)…………………………………………………...7,8

*In Re LaBatt Food Services*,
279 S.W.3d 640, 643 (Tex. 2009)………………………………..7

*Nobles v. Rural Community Ins. Services*,
122 F.Supp.2d 1290 (M.D. Ala. 2000)…………………………..11

*Nobles v. Rural Community Ins. Services*,
303 F.Supp.2d 1279, (M.D. Ala. 2004)………………………….11

*Nobles v. Rural Community Ins. Services*,
303 F.Supp.2d 1292 (M.D. Ala. 2004)…………………………..11, 12, 13

*In Re Oakwood Mobile Homes, Inc.*,
987 S.W.2d 571, 573 (Tex. 1999)………………………………..7, 9, 15

*In Re Weekley Homes, LP*,
180 S.W.3d 127……………………………………………………10

*In Re Wilson Const. Co.*,
196 S.W.3d 774, 783 (Tex. 2006)…………………………………9

*Worford v. Stamper*,
801 S.W.2d 108, 109………………………………………………8

*TRAP 38.1(g)*…………………………………………………….4, 5

*TRAP 38.1(i)*…………………………………………………….9

*Texas Civil Practice and Remedies Code § 51.016*……………..7

## STATEMENT OF THE CASE

This is a suit for damages. (CR Vol. 1, p. 4). Hudson Insurance Company (Hudson) filed a Motion to Compel Arbitration and Motion to Stay. (CR Vol. 1, p. 11). On March 17, 2015, the trial court signed an order denying said motions. (CR Vol. 2, p. 122).

## ORAL ARGUMENT

Oral argument will aid the decisional process by bringing clarity and context to the facts of this case.

## STATEMENT OF FACTS

BVB Partners (BVB) farmed cotton in Hidalgo County in 2013. Hudson insured BVB's 2013 cotton crop. As per BVB's petition - on or about January 23, 2013, in the course of its business and for BVB's guidance, Hudson falsely informed BVB that it would pay the lower priced enterprise unit premium/subsidy on prevented planting coverage if BVB put their 522.7 acres of cotton in *one* unit and planted at least a 20 acre block.

This was a misrepresentation relied on by BVB to their detriment because when they made their prevented planting claim, Hudson told them they were not entitled to the reduced premium/subsidy because they had not planted at least 20 acres or 20% of at least *two* separate units. The misrepresentation caused BVB's premium to be $48.00 per acre higher which

caused them to be charged at least $25,000.00 more for crop insurance than they would have been charged had Hudson not misrepresented as set forth above. BVB alleged: that Hudson did not exercise reasonable care or competence in obtaining or communicating the false information; BVB justifiably relied on the false information; and the negligent misrepresentation proximately caused their damages. (CR Vol. 1, p. 4).

Hudson answered BVB's suit with a general denial and a request that their claims be referred to arbitration. (CR Vol. 1, p. 8). Hudson then filed its Motion to Compel Arbitration and Motion to Stay. (CR Vol. 1, p. 11). The parties presented extensive briefing and arguments regarding the motions before the court signed the order denying the motion to compel arbitration. (CR Vol. 2, pgs. 4, 77, 81, 93, 104, 111, 118, 122)

Pursuant to *TRAP 38.1(g)*, BVB responds to Hudson's Statement of Facts as follows to contradict, correct, and clarify statements contained therein:

1. The part of the arbitration provision in the crop insurance policy quoted by Hudson actually reads: "If you and we fail to agree on any determination made by us … the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association". (CR Vol. 1 pgs. 78-79).

4

2. The payments BVB received from Hudson were all based on premiums they paid Hudson. (Appellant's Brief, Exhibit 3).

3. BVB has never complained about Hudson's determination as to the "premium/applicable premium rate"; and agrees that Hudson's determination about it was correct. (CR Vol. 1, p. 4, CR Vol. 2, p. 104). BVB alleged that Hudson's misrepresentations about the requirements for obtaining the lower priced enterprise unit premium proximately caused their damages.

4. BVB objects to Hudson's statement of fact wherein it describes its Motion to Compel Arbitration and Motion to Stay as "establishing" that the arbitration provision "encompasses" BVB's claim. BVB objects to Hudson's statement of fact about the Supplement it filed to the motion to compel/stay wherein it states that the supplement "demonstrated" that BVB's claim must be arbitrated. Both statements are argument in violation of *TRAP 38.1(g)*.

5. Nothing in the Reporter's Record is inconsistent with BVB's position as referenced above. Also, as per *Plaintiff's Response to Defendant's Reply Re Motion to Compel Arbitration and Motion to Stay* filed on February 3, 2015, BVB alleged that Ms. Helweg's affidavit (CR Vol. 2, p. 91) was incredible and unsupported by any fact in light of the actual allegations in BVB's petition. Her affidavit was also controverted. (CR Vol. 2, p. 103).

6. There is, apparently, *nothing* in the record which shows that BVB "inevitably disagreed with Hudson's ultimate premium determination". There is evidence that BVB *agrees* that Hudson's ultimate premium determination was *correct*. (CR Vol. 1, p. 4; CR Vol. 2, p. 104, paragraph 5). There appears to be *nothing* in the record that shows that BVB and Hudson disagree about any "determination" made by Hudson.

## SUMMARY OF THE ARGUMENT

BVB's claim against Hudson is outside the scope of the arbitration provision. BVB's cause of action is negligent misrepresentation based on Hudson's misrepresentation about the requirements for obtaining the lower priced enterprise unit premium for crop insurance.

The arbitration provision is not broad. Unlike most arbitration provisions, it does not apply to any *disagreement* between the parties, but only to a *disagreement* about a *"determination"* made by Hudson. (CR Vol. 1, pgs. 78-79).

There is no disagreement between the parties about any "determination" made by Hudson. BVB did not allege that Hudson decided to give them false information about the requirements for obtaining the enterprise unit premium. BVB only alleged negligent misrepresentation.

6

A party seeking to compel arbitration must establish that the claims fall within the scope of the arbitration provision. *In Re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999). Hudson did not establish that BVB's claim against it is within the scope of the arbitration provision.

## ARGUMENT

### Standard of Review

The only issue in this case is whether Hudson established, under the facts relevant herein, that BVB's claims were within the scope of the arbitration provision.

The abuse of discretion standard of review is applied to interlocutory appeal of orders denying motions to compel arbitration in a matter subject to the Federal Arbitration Act and appealed pursuant to *section 51.016* of the *Texas Civil Practice and Remedies Code* as is this case (see Hudson's brief, Statement of Jurisdiction). *FD Frontier Drilling (Cypress) Ltd. v. Didmon*, 438 S.W.3d 688, 692-693 (Tex. App. - Houston - 1st Dist. 2014, pet. denied).

Under that standard, the court must defer to the trial court's factual determinations if they are supported by evidence. *F. D. Frontier Drilling (Cypress) Ltd. v. Didmon*, 438 S.W.3d 688, 692-693 (Tex. App. - Houston - 1st Dist. 2014, pet. denied). *In Re LaBatt Food Services*, 279 S.W.3d 640, 643 (Tex. 2009).

7

Legal determinations are reviewed de novo, and whether a claim falls within the scope of an arbitration agreement "involves" the trial court's legal interpretation of the agreement, and such interpretations are reviewed de novo. *F. D. Frontier Drilling (Cypress) Ltd. v. Didmon*, 438 S.W.3d 688, 692-693 (Tex. App. - Houston - 1st Dist. 2014, pet. denied).

No findings of fact or conclusions of law were requested or filed for this case. It is therefore implied that the trial court made all the findings necessary to support its decision. In determining whether some evidence supports the decision and the implied findings of fact, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory. *Worford v. Stamper*, 801 S.W.2d 108, 109. *Black v. Dallas County Child Welfare Unit*, 835 S.W.2d 626, 630 n. 10 (Tex. 1992).

The trial court had before it BVB's petition, the arbitration provision, the affidavit of Bruce Shields, and BVB's repeated admission that it was not complaining about or disagreeing with Hudson's "ultimate premium determination". (CR Vol. 1, p. 4; CR Vol. 1, p. 11; CR Vol. 2, p. 77; CR Vol. 2, p. 104; CR Vol. 2, p. 118). As per *Worford* and *Black*, the Court must "disregard entirely" anything opposed to that evidence.

The trial court found that there was no disagreement between the parties about any determination made by Hudson at issue in BVB's suit. Pursuant to that finding, the only legal determination that could reasonably be made about whether BVB's claim falls within the scope of the arbitration provision, is that Hudson failed to establish that BVB's claims were within its scope.

## Scope of the Arbitration Provision

Arbitration is not automatic. A trial court is actually correct to deny arbitration if, under the facts of the case, it finds that the provision is not susceptible of an interpretation that covers the issue in dispute. *In Re D. Wilson Const. Co.*, 196 S.W.3d 774, 783 (Tex. 2006). Hudson failed to carry its burden to show that BVB's claim is within the scope of the arbitration provision as it was obliged to do. *In Re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999).

With regard to Hudson's law of "direct benefits estoppel" argument, there appears to be nothing in *In Re D. Wilson Const. Co.*, 196 S.W.3d 774 (Tex. 2006), that even mentions it. BVB objects to this argument because *TRAP 38.1(i)* requires appropriate citations to authorities in support of the argument, and this argument has no such support.

BVB has never contended and does not now contend that the arbitration provision is not valid or that they would not have to arbitrate this case if there actually was a disagreement between the parties about a determination made by Hudson with which they disagree. Since the issue of whether BVB's claim falls within the scope of the provision is the only issue, BVB's argument will focus only on that issue.

The arbitration provision herein is narrow in comparison with the arbitration language in the cases cited by Hudson. They require arbitration of *any* disagreement between the parties. It is not surprising that the courts have decided that almost any disagreement falls within the broad scope of those provisions.

The arbitration provision in this case applies only to disagreements about *determinations* made by Hudson, in contrast with broad arbitration provisions such as the one cited by the Supreme Court of Texas in *In Re Weekley Homes, LP*, 180 S.W.3d 127, which required arbitration of *"any claim, dispute, or cause of action"*.

It is not hard to write a *broad* arbitration provision, but the arbitration provision in this case is not like those in the cases cited by Hudson.

If the RMA had meant to write a *broad* arbitration provision into the crop insurance policies issued by insurers like Hudson, it could have easily done so with *broad language* such as appears in the referenced cases. The arbitration provision in this case is different, and Hudson is stuck with that provision, not the one they wish they had.

## "Nobles" is Dispositive

There are three *Nobles* opinions: (1) *Nobles v. Rural Community Ins. Services*, 122 F.Supp.2d 1290 (M.D. Ala. 2000); (2) *Nobles v. Rural Community Ins. Services*, 303 F.Supp.2d 1279, (M.D. Ala. 2004); and (3) *Nobles v. Rural Community Ins. Services*, 303 F.Supp.2d 1292 (M.D. Ala. 2004).

*Nobles v. Rural Community Ins. Services*, 303 F.Supp.2d 1292 (M.D. Ala. 2004), is on point for this case. It dealt with basically the same arbitration provision. Both it and the second *Nobles* opinion show that the plaintiff farmers' state-law claims against their crop insurance company were reinstated after the parties submitted the issue of the farms' insurability to arbitration.

The farmers in *Nobles v. Rural Community Ins. Services*, 303 F.Supp.2d 1292 (M.D. Ala. 2004) filed suit against a private insurance company selling FCIC reinsured crop insurance such as Hudson.

11

They claimed the insurer failed to pay their claims because it determined that their farm land was not insurable after having represented to them that it was insurable before they purchased the insurance. The court in the first *Nobles* case ordered arbitration on the issue of the insurer's determination that the farm was not insurable under crop insurance rules, because there was an obvious disagreement between the parties on that issue.

After the parties completed arbitration (wherein the arbitrator found that the farm was insurable), the court reinstated the farmers' claims for breach of contract, fraud/negligent or wanton training, suppression of material facts and negligence/wantonness, and bad faith, so they could seek relief on those state law claims. The insurance company complained that it should not have to defend such claims because crop insurance regulations required that they find that the farm was not insurable. The court ruled against them and said (emphasis added):

"The key act underlying Nobles and Hales' fraud claim, for example, is not RCIS' denial of their insurance coverage, but is instead RCIS' *act of telling them that their land was insurable.* While RCIS maintains that it was required to find that 4,990 acres of Nobles and Hales' cotton crop were uninsurable due to FCIC rules, it certainly was not required to *misrepresent* to them that their land was insurable when in fact it was not. Similarly, the basis for Nobles and Hales' suppression-of-material-fact and negligence-and-wantonness claims is RCIS' *failure to tell Nobles and Hales about 9(a)'s one-in-three requirement.* Again, while RCIS may have been required under FCIC rules to find that 4,990 acres of Nobles and Hales' cotton crop were uninsurable, *those rules did not require it to fail to tell* Nobles and Hales about the requirements of 9(a)."

*Nobles v. Rural Community Ins. Services*, 303 F.Supp.2d 1292 (M.D. Ala. 2004) shows what is and is not supposed to go to arbitration regarding farmers' claims against their crop insurers. Real disagreements about actual *determinations* made by the insurer must be arbitrated. Misrepresentation about FCIC rules, which is BVB's claim, is not within the scope of the arbitration provision because misrepresentation is not a "determination", it is a tort that is to be handled in court.

In response to Hudson's assertion that the arbitration provision in *Nobles* was more narrow than the provision in this case, BVB says there is nothing to support this. Apparently, the RMA simply deleted the word "factual" for being superfluous, and changed the language so it would apply only to determinations *made by the insurer*. Hudson does not make a case for how *Nobles* would have been decided differently had the present provision been at issue there, because it would have made no difference.

Hudson goes to some length arguing that BVB's filing suit against it shows they disagreed with Hudson's determination about the "premium/applicable premium rate". This argument is disingenuous, but it seems to be the only one Hudson has, since it is unable to point to any actual disagreement between the parties about any determination made by Hudson.

The trial court found otherwise because BVB never made any such claim, and clearly stated that they agreed that the determination was correct.

When, in response to BVB's prevented planting claim, Hudson correctly determined that BVB did not qualify for the reduced premium because all their cotton was in one unit, it was apparent that Hudson had misrepresented the requirements by its prior representation that they would qualify if they put all their cotton in one unit. BVB's cause of action for negligent misrepresentation was complete at that point because it was not until then that they sustained damages. If Hudson had determined to charge BVB the lower premium then BVB would have no negligent misrepresentation case because there would be no damages. Nevertheless, this does not amount to a disagreement between the parties about a determination made by Hudson. It just shows a ripe cause of action for negligent misrepresentation.

In response to Hudson's "direct benefits estoppel" argument, BVB says that it does not deny and never has denied that the insurance contract in question contains a valid arbitration clause. The cases cited by Hudson about this doctrine are not relevant to this case because none of them stand for the proposition that anyone who benefits in any way pursuant to an agreement with an arbitration provision must then go to arbitration even if their claim is not within the scope of the provision.

14

In any event, the "benefits" BVB received were nothing more than the result of their bargained for agreement under the policy whereby they get insurance coverage in exchange for premiums they pay.

BVB is not making any "equitable objection" to arbitration. BVB's position is that its claim is not within the scope of the arbitration provision.

*In Re Oakwood Mobile Homes, Inc.* is still the law, and it requires that Hudson establish that BVB's claim falls within the scope of the arbitration provision. Hudson failed to do this, so the trial court was correct in denying its motion to compel arbitration.

## PRAYER

*Wherefore*, appellee BVB Partners prays that the trial court is affirmed, and for such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

/s/ David E. Wood
SBN 21887100
1317 E. Quebec Ave.
McAllen, TX 78503
956-458-2052
956-581-4457 (fax)
e-mail: wood_candace@yahoo.com
Attorney for Appellee BVB Partners

15

## CERTIFICATE OF COMPLIANCE

I certify that the number of words in this computer generated brief is 3039.

/s/ David E. Wood

## CERTIFICATE OF SERVICE

I certify that this brief was e-filed and sent to appellant's attorney, Steve E. Couch, by e-service through the electronic filing manager on May 21, 2015.

/s/ David E. Wood